John Meyer, MT Bar #11206
P.O. Box 412
Bozeman, MT 59771
Ph: (406) 546-0149
John@cottonwoodlaw.org

2017 DEC 15 AM 11:02

FILED

BY _____ MJ _____ DEPUTY

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
GALLATIN COUNTY

JOHN MEYER,

    Plaintiff,

vs.

BIG SKY RESORT;

    Defendant.

Case No. DV-17-1092C

COMPLAINT AND JURY DEMAND

(1) Summons Issued

## I. INTRODUCTION

1. This case is about a ski accident in southwest Montana.

2. Plaintiff John Meyer seeks $50 million in damages.

3. One hundred percent of any court award or settlement in this case will be used to set up a trust and purchase health insurance for seasonal employees and provide a pay raise to the ski patrol at Big Sky Resort.

4. On December 11, 2015, Plaintiff John Meyer traded 20 cans of vegetables for a ski lift ticket at Big Sky Ski Resort.

5. While skiing at Big Sky Resort on December 11, 2015, Mr. Meyer and a former ski instructor from another ski area unknowingly skied into an area under the Challenger Lift that was closed to skiing. The closed area had not been marked as closed. The ski patrol found Mr. Meyer and the former ski instructor and informed them that the area that had not been marked was closed.

6. After leaving the unmarked and closed area, Mr. Meyer skied over a steep slope and hit a blind and unmarked "cat walk" where he was ejected from his skis.

7. There were no signs or fences warning of the unmarked cat walk.

8. When the ski patrol arrived, Mr. Meyer was unconscious and his left ear was discharging cerebral spinal fluid.

9. Mr. Meyer was transported by helicopter to the Billings Clinic.

10. He spent 2-4 days in an induced coma.

11. Several liters of fluid were removed from his chest.

12. Mr. Meyer broke several ribs, his arm and scapula.

13. Plates were installed in his arm and scapula.

14. Mr. Meyer spent approximately one month in the Billings and Missoula hospitals.

15. After the accident, a ski patroller at Big Sky Resort informed Mr. Meyer that the ski patrol runs out of signs and fences to mark hazards.

16. Taylor Middleton, the general manager of Big Sky Resort, met with Mr. Meyer after he was discharged from the hospital.

17. Mr. Meyer expressed his interest in securing health insurance for Big Sky's seasonal employees.

18. Mr. Meyer and Mr. Middleton did some rough math and calculated that purchasing health care for all of Big Sky's seasonal employees would increase the cost of each ski lift ticket by approximately $10.

19. When Mr. Middleton expressed reservations over the cost, Mr. Meyer reminded him that Big Sky Resort had recently announced it was going to invest $150 million to upgrade its infrastructure, including ski lifts.

20. Mr. Meyer told Mr. Middleton that if Big Sky provided health care for its seasonal employees the resort would become a leader in the ski industry and ultimately increase its profitability because more people would want to work there.

21. Mr. Meyer pointedly asked Mr. Middleton if Big Sky Resort was willing to spend $150 million to upgrade its ski lifts but would not purchase health insurance for its seasonal employees.

22. Mr. Middleton told Mr. Meyer that he would further consider the matter.

23. A few days later Mr. Middleton later informed Mr. Meyer that Big Sky would not provide health care for its seasonal employees.

24. Some of the ski lifts at Big Sky Resort are now "heated."

25. Seasonal employees, including ski patrollers that save people's lives after ski accidents, still do not receive health care from Big Sky Resort.

## PARTIES AND VENUE

26. Plaintiff John Meyer is an attorney licensed to practice law in Montana and resides in Gallatin County, Montana.

27. On information and belief, Plaintiff alleges that Defendant Big Sky Resort, is a Montana limited liability company.

28. Defendant Big Sky Resort's principal place of business is Montana and the center of its business activities is Montana, therefore Defendant Big Sky Resort is a citizen of Montana for jurisdictional purposes.

29. Venue is proper in the Gallatin County because Plaintiff John Meyer resides in Gallatin County.

## CLAIM FOR RELIEF

### GROSS NEGLIGENCE AND NEGLIGENCE: PREMISES LIABILITY

30. Plaintiff incorporates by reference the preceding paragraphs.

31. At all times relevant hereto, Defendant Big Sky Resort and its agents and employees owed a duty to all persons invited to and paying for the use of Defendant's premises, including Mr. Meyer, to exercise reasonable care to construct, maintain and operate the premises in a reasonably safe condition and reasonably safe manner, free from unreasonable and unexpected hazards.

32. Defendant's acts and omissions in breach of its duties include, without limitation, the failure to supply the ski patrol with adequate signs and fences to mark hazards, the failure to mark areas as closed, the initial

design and construction of the blind and unmarked cat walk, the failure to place barriers, or to provide notice or warning of the unreasonable hazard.

33. Defendant's acts and omissions proximately caused the injuries and damages that Mr. Meyer suffered, and that he will continue to suffer, for the remainder of his life.

## DAMAGES

34. Plaintiff incorporates by reference the preceding paragraphs.

35. As the direct and proximate result of his injuries, Mr. Meyer lost his full-time job as staff attorney with a nonprofit conservation organization in Missoula, Montana.

36. Mr. Meyer lost clients that he had been representing for years outside of his capacity as a staff attorney with the Missoula conservation organization.

37. Mr. Meyer continues to experience substantial psychological pain and suffering because of the traumatic brain injury he sustained as well as great personal and professional anxiety, in addition to the pain, suffering and anxiety caused by his physical injuries.

38. As the direct and proximate result of the loss of his job and clients, Mr. Meyer suffered a loss of income; will suffer a loss of earning capacity and a lifetime loss of professional income.

39. Mr. Meyer has incurred significant medical expenses; and he will incur future medical expenses in an amount that is still to be determined.

40. Mr. Meyer has suffered past physical and functional disability in an amount to be proved at trial; future physical and functional disability in an amount to be proved at trial; past and future loss of enjoyment of life in an amount to be proved at trial; other past special damages in an amount to be proved at trial; other future special damages in an amount to be proved at trial; other past general damages in an amount to be proved at trial; other future general damages in an amount to be proved at trial;

**WHEREFORE**, Plaintiff respectfully prays that the Court enter judgment against Defendant as follows:

a. For such general damages, past and future, as Mr. Meyer shall prove himself entitled at the trial of this case;

b. For such special damages, past and future, as Mr. Meyer shall prove himself entitled at the trial of this case;

c. For an award of punitive and exemplary damages; and

d. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 15th day of December, 2017.

/s/ John Meyer
JOHN MEYER
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
John@cottonwoodlaw.org