Ian McIntosh
Mac Morris
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
Facsimile: (406) 556-1433

*Attorneys for Defendant Big Sky Resort*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BIG SKY RESORT,<br><br>　　　　　　Defendants. | Cause No. 18- CV-00002-BMM<br><br>**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND** |

　　　　Defendant Big Sky Resort ("Big Sky") hereby responds to Plaintiff's Complaint and Jury Demand as follows:

　　　　1.　　Denies the allegations in paragraph 1.

　　　　2.　　Denies the allegations in paragraph 2.

　　　　3.　　Denies the allegations in paragraph 3.

　　　　4.　　Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4 and therefore denies the same.

5. Denies the allegations in paragraph 5.

6. Denies the allegations in paragraph 6.

7. Denies Plaintiffs' implication that the plainly visible catwalk should have been marked, and therefore denies all allegations in paragraph 7.

8. Admits Plaintiff was injured when ski patrol arrived. Lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies the same.

9. On information and belief, admits the allegations in paragraph 9.

10. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 10 and therefore denies the same.

11. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 11 and therefore denies the same.

12. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 12 and therefore denies the same.

13. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 13 and therefore denies the same.

14. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

15. Denies the allegations in paragraph 15.

16. Admits Taylor Middleton met with Plaintiff. Lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17. Admits Plaintiff threatened to sue Big Sky if Big Sky refused to meet Plaintiff's demands that were unrelated to his ski crash. The allegations in paragraph 17 are an incomplete, one-sided description of Plaintiff's discussion(s) with Mr. Middleton, and the allegations in paragraph 17 are therefore denied.

18. Admits Plaintiff threatened to sue Big Sky if Big Sky refused to meet Plaintiff's demands that were unrelated to his ski crash. The allegations in paragraph 18 are an incomplete, one-sided description of Plaintiff's discussion(s) with Mr. Middleton, and the allegations in paragraph 17 are therefore denied.

19. Admits Plaintiff threatened to sue Big Sky if Big Sky refused to meet Plaintiff's demands that were unrelated to his ski crash. The allegations in paragraph 19 are an incomplete, one-sided description of Plaintiff's discussion(s) with Mr. Middleton, and the allegations in paragraph 19 are therefore denied.

20. Admits Plaintiff threatened to sue Big Sky if Big Sky refused to meet Plaintiff's demands that were unrelated to his ski crash. The allegations in paragraph 20 are an incomplete, one-sided description of Plaintiff's discussion(s) with Mr. Middleton, and the allegations in paragraph 20 are therefore denied.

21.     Admits Plaintiff threatened to sue Big Sky if Big Sky refused to meet Plaintiff's demands that were unrelated to his ski crash.  The allegations in paragraph 21 are an incomplete, one-sided description of Plaintiff's discussion(s) with Mr. Middleton, and the allegations in paragraph 21 are therefore denied.

22.     Admits Plaintiff threatened to sue Big Sky if Big Sky refused to meet Plaintiff's demands that were unrelated to his ski crash.  The allegations in paragraph 22 are an incomplete, one-sided description of Plaintiff's discussion(s) with Mr. Middleton, and the allegations in paragraph 22 are therefore denied.

23.     Admits Plaintiff threatened to sue Big Sky if Big Sky refused to meet Plaintiff's demands that were unrelated to his ski crash.  The allegations in paragraph 23 are an incomplete, one-sided description of Plaintiff's discussion(s) with Mr. Middleton, and the allegations in paragraph 23 are therefore denied.

24.     The allegations in paragraph 24 are not relevant to Plaintiff's ski crash.  To the extent a response is required, the allegations are denied.

25.     The allegations in paragraph 25 are not relevant to Plaintiff's crash.  To the extent a response is required, the allegations are denied.

26.     Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 26 and therefore denies the same.

27.     Denies the allegations in paragraph 27.

28.     Denies the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. Restates its responses to the preceding paragraphs.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Restates its responses to the preceding paragraphs.

35. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 35 and therefore denies the same.

36. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 36 and therefore denies the same.

37. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 37 and therefore denies the same.

38. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 38 and therefore denies the same.

39. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 39 and therefore denies the same.

40. Lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 40 and therefore denies the same.

41. Denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's alleged injuries were caused by his own negligence and/or Plaintiff assumed the risk of his alleged injury.

2. Plaintiff's alleged injuries were not caused by any act or omission of Big Sky.

3. Plaintiff's claims are barred, in whole or in part, by his own negligence pursuant to Mont. Code Ann. § 27-1-702, MCA.

4. Plaintiff's claims are barred by Mont. Code Ann. § 23-2-702 through -736, MCA.

5. Plaintiff's claims are barred by release.

6. Plaintiff's damages, if any, should be reduced in accordance with Mont. Code Ann. § 27-1-308.

7. Plaintiff failed to reasonably mitigate his alleged damages.

8. Plaintiff's attempt to leverage Big Sky into providing additional benefits to employees of Big Sky, who are not represented by Meyer, constitutes an abuse of process.

## COUNTERCLAIM

1. On December 11, 2015, Plaintiff John Meyer was injured while skiing at Big Sky.

2.      Meyer initially blamed his skiing injury on the manufacturer of his ski bindings, Dynafit.

3.      After his injury, Meyer met with members of Big Sky's Ski Patrol (Ski Patrol") and upper management at Big Sky, including Taylor Middleton.

4.      Meyer, an attorney, does not represent the Ski Patrol, any individual members of the ski patrol, or any other Big Sky employees.

5.      Despite the fact that he does not represent Big Sky employees, Meyer threatened to sue Big Sky for the injuries he suffered while skiing on December 11, 2015, if Big Sky refused to provide health insurance to seasonal employees, and/or give the Ski Patrol raises.

6.      Meyer made other demands for increased benefits for Big Sky employees that were unrelated to the injuries he suffered while skiing on December 11, 2015.

7.      After Big Sky refused Meyer's demands, Meyer filed this lawsuit and engaged in a public campaign on social media and elsewhere to smear and disparage Big Sky, suggesting that Big Sky underpays its employees and fails to provide its employees with appropriate benefits.

8.      Meyer threatened to take further actions to smear and disparage Big Sky regarding the compensation and benefits Big Sky provides to its employees.

9. Meyer's efforts to smear and disparage Big Sky are taken in connection with this lawsuit for the improper purpose of attempting to gain leverage over Big Sky on a collateral issue unrelated to his ski accident.

10. After filing this lawsuit, Meyer continued to communicate with Ski Patrol members about his skiing injury and this lawsuit despite knowing that Big Sky was represented by counsel, in violation of Rule 4.2 of the Montana Rules of Professional Conduct.

11. Meyer is using his position as an attorney, and this lawsuit, for illegitimate purposes in violation of the Montana Rules of Professional Conduct.

12. Meyer brought this lawsuit solely to gain leverage to attempt to force Big Sky to provide additional benefits to its seasonal employees in violation Rule 3.1 of the Montana Rules of Professional Conduct.

13. Meyer has made, and continues to make, extrajudicial statements disseminated by means of public communication that will have a substantial likelihood of materially prejudicing an adjudicative proceeding in this matter in violation of Rule 3.6 of the Montana Rules of Professional Conduct.

14. Meyer filed this lawsuit with an ulterior motive, namely, gaining leverage on Big Sky to try to force it to provide additional benefits to Big Sky seasonal employees that Meyer does not represent.

15. Meyer committed a willful act in the use of process not proper in the regular conduct of the proceeding by filing this lawsuit with an ulterior motive, having a Summons issued, and serving the Complaint.

16. Meyer is attempting to use this lawsuit to leverage or coerce Big Sky to do a collateral thing that Big Sky could not be legally or regularly compelled to do, namely, to provide additional benefits and compensation to its employees, which is a purpose for which the legal process was not designed.

17. Meyer's actions constitute abuse of process.

18. As a result of Meyer's abuse of process, Big Sky has incurred damages including costs, attorneys' fees, and other damages.

WHEREFORE, Big Sky demands judgment as follows:

1. That the relief sought by the Plaintiff in his Complaint be denied.

2. For Defendant's costs, attorneys' fees, and disbursements incurred herein.

3. For Defendant's damages,

For such further relief as the Court deems equitable.

## **DEMAND FOR JURY TRIAL**

Defendant demands a jury trial herein.

DATED this 30th day of March, 2018.

                              CROWLEY FLECK PLLP


                              By/s/ Ian McIntosh
                                Ian McIntosh
                                P.O. Box 10969
                                Bozeman, MT 59719-0969

                              Attorneys for Big Sky Resort


## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was served upon the following counsel of record by the means designated below this 30th day of March, 2018.

| | |
|---|---|
| [ ]  U.S. Mail | John Meyer |
| [ ]  Hand Delivery | P.O. Box 412 |
| [ ]  Facsimile | Bozeman, MT 59771 |
| [ ]  FedEx | john@cottonwoodlaw.org |
| [x]  ECF | *Attorney for Plaintiffs* |


                              /s/Ian McIntosh
                              Ian McIntosh