Ian McIntosh
Mac Morris
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
Facsimile: (406) 556-1433

*Attorneys for Defendant Big Sky Resort*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BIG SKY RESORT,<br><br>　　　　　　Defendants. | Cause No. 18- CV-00002-BMM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS** |

Plaintiff John Meyer responds to the following discovery:

**REQUEST FOR PRODUCTION NO. 1:**  Please produce copies of all statements taken by you, or on your behalf, concerning facts relevant to this action. If you claim any statements are privileged, please provide a privilege log.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 2:**  Please produce all documents upon which you may rely in support of your claim for damages, including, but not limited to, all medical and other bills, invoices and statements of account.

**RESPONSE: 000001-004228**

**REQUEST FOR PRODUCTION NO. 3:**  Please produce any and all documents related to any claims you have submitted to any insurance company, person, business entity, or governmental entity as a result of the incident which forms the basis of your claim in this lawsuit, including but not limited to all settlement agreements which you have entered, if any.

**RESPONSE: 000039-000053**

**REQUEST FOR PRODUCTION NO. 4:**  If Medicaid or Medicare has provided any benefits to you, please provide a Conditional Payment Letter from CMS (Centers for Medicare & Medicaid Services) identifying all conditional payments made to date by Medicare with respect to you as a result of the incident

at issue in this case and all other correspondence between CMS and you or any of your agents or attorneys.

**RESPONSE: None**

**REQUEST FOR PRODUCTION NO. 5:** Please produce all exhibits which you intend to rely upon in this litigation.

**RESPONSE: 000054-000063**

**INTERROGATORY NO. 1:** If you, or anyone acting on your behalf, had any conversations with any employee or ex-employee of Big Sky or Boyne after December 11, 2015, please identify each person that was present at the time of the conversation, the location of the conversation, the date of the conversation, and give a complete description of each conversation in as much detail as you can recall.

**ANSWER: See 000001-000005**

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents or notes related to or supporting your answer to the preceding Interrogatory.

**RESPONSE: 000064-000077**

**REQUEST FOR PRODUCTION NO. 7:** Please produce all written communications you have had with any employee or ex-employee of Big Sky or Boyne after December 11, 2015. This Request for Production seeks all letters, emails, social media posts, texts, and any other written communications.

**RESPONSE:** 000078-000106

**REQUEST FOR PRODUCTION NO. 8:** Please produce all notes, letters, diaries and "lists" that in any way relate to this incident and lawsuit that you have prepared, kept, or maintained. This discovery request does not seek documents prepared by your attorney, but rather seeks documents that you personally created.

**RESPONSE:** 000107-000120; see video

**REQUEST FOR PRODUCTION NO. 9:** Please produce all correspondence between you, or any one acting on your behalf, and Big Sky prior to the filing of this lawsuit.

**RESPONSE:** 000121-000135

**INTERROGATORY NO. 2:** If you have ever made a claim for damages of any kind, either before or after this lawsuit, please state the name of the claim, the parties and the insurance carrier involved, the cause number and court of any suit that was filed on your behalf, and the disposition of the claim.

**ANSWER:** See 000006-000017

**REQUEST FOR PRODUCTION NO. 10:** Please produce all records from medical doctors, dentists, chiropractors, osteopaths, physical therapists, psychiatrists, psychotherapists, or other health care providers, with whom you consulted, or by whom you were examined or treated from December 11, 2015 to the present.

**RESPONSE:000136-003731**

**REQUEST FOR PRODUCTION NO. 11:** Please produce all photographs or videotapes showing the injuries you allegedly sustained as a result of the incident which is the subject of this lawsuit.

**RESPONSE: 003732-003740**

**REQUEST FOR PRODUCTION NO. 12:** Please produce all photographs or videotapes of the scene of the accident, Big Sky Resort, or signs or markings at Big Sky that you contend are relevant to your allegations in this Complaint.

**RESPONSE: See video**

**REQUEST FOR PRODUCTION NO. 13:** If any insurance company, your employer, any governmental agency or department, or any other person or entity has reimbursed you or is obligated to reimburse you for any expenses or damages you claim to have sustained as a result of the incident which is the subject of this lawsuit, please produce all correspondence and documents relating to all such payments.

**RESPONSE: None**

**REQUEST FOR PRODUCTION NO. 14:** Please produce your state and federal income tax returns for the five (5) years prior to the incident in question and up to the present time.

**RESPONSE: 003741-004188**

**REQUEST FOR PRODUCTION NO. 15:** Please produce any and all charts, diagrams and photographs that in any way relate to this incident and lawsuit.

**RESPONSE: 004189-004192; see videos**

**INTERROGATORY NO. 3**: Please identify and quantify, in detail, all drugs (legal or otherwise), alcoholic beverages, and medications you used or consumed in the 24-hour period preceding the subject incident.

**ANSWER:** NONE

**REQUEST FOR PRODUCTION NO. 16:** Please produce any and all investigative files concerning this incident conducted by any governmental agency or any other entity or person.

**RESPONSE: 004193-004218**

**REQUEST FOR PRODUCTION NO. 17:** Please produce a copy of any and all documents in your possession that Big Sky generated or provided to you before the filing of this lawsuit.

**RESPONSE: 004193-004218**

**REQUEST FOR PRODUCTION NO. 18**: Please produce for inspection the skis, boots, and bindings you were using on December 11, 2015.

**RESPONSE:** Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), inspection will be permitted but must be requested with particularity. *See* FRCP 34(b)(1).

**REQUEST FOR PRODUCTION NO. 19:**  Please produce for inspection the eyewear, including but not limited to prescription glasses, contact lenses, sunglasses and/or goggles, if any, that you were wearing on December 11, 2015 at the time of the alleged incident.

**RESPONSE:** Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), inspection will be permitted but must be requested with particularity. *See* FRCP 34(b)(1).

**REQUEST FOR PRODUCTION NO. 20:**  If you wear contact lenses or glasses, please produce the eyeglasses prescription and all medical records relating to your vision from 2012 to present.

**RESPONSE:** Plaintiff does not have an eyeglass prescription.

**REQUEST FOR PRODUCTION NO. 21:** Please produce copies of all comments about the incident at issue in this lawsuit that you have made on social media or to any media outlet. This request for production seeks all comments that relate in any way to this lawsuit made on any blog, internet chat room, Facebook, Instagram, and to any media outlet.

**RESPONSE:** 004219-004227

**REQUEST FOR PRODUCTION NO. 22:**  Please produce complete copies of all of your statements to any media outlet regarding this lawsuit or your attempts to obtain additional benefits for seasonal employees.  Please include a complete copy of the published article.

**RESPONSE:**  004228

**REQUEST FOR PRODUCTION NO. 23:**  Please produce a complete copy of the article about this lawsuit that was submitted to the Outlaw magazine, and all of your comments and communications with the author of the article.

> **RESPONSE:**  To the best of Plaintiff's knowledge, no article about this lawsuit was ever submitted to Outlaw magazine.
>
> Supposedly Explore Big Sky was going to run an article but the owner of the paper (the same owner of Outlaw magazine) pulled the article the night before it was printed. Plaintiff never saw the article that was to be printed.
>
> Amanda Eggert, who was with John Meyer the day of the incident, left Explore Big Sky shortly after the article was pulled. She did not write the article because she wanted to avoid any perceived conflicts of interest.

**REQUEST FOR PRODUCTION NO. 24:**  Please produce all of your Facebook posts from December 11, 2015 to the present. Please specifically include all photographs posted on your Facebook account, and all photographs of you posted on other Facebook accounts that you are aware of.

**RESPONSE:** The request is not being filled because it will take an unreasonable amount of time to fulfill in relation to the reasonableness of the needs of the case. Plaintiff's Facebook account is open to the Public and Plaintiff has not deleted any Facebook posts regarding this lawsuit.

**REQUEST FOR ADMISSION NO. 1:**  Please admit that you do not represent any employee or ex-employee of Big Sky in relation to benefits that are provided to the employee or ex-employee by Big Sky.

**RESPONSE:** Admit

**REQUEST FOR PRODUCTION NO. 25:** If you deny the preceding Request for Admission, please produce your engagement letter with all employees or ex-employees of Big Sky that you represent.

**RESPONSE:**

**INTERROGATORY NO. 4:** Please identify the ski patroller at Big Sky that allegedly informed you "that the ski patrol runs out of signs and fences to mark hazards" as alleged in Paragraph 15 of Plaintiff's Complaint and Jury Demand.

**ANSWER:** Ashley Nettles *See* 000018

DATED this 16th day of July, 2018.


By   /s/ John Meyer

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record by the means designated below this 16th day of July, 2018.

[ ] U.S. Mail  
[x] Hand Delivery  
[ ] Facsimile  
[ ] FedEx  
[ ] ECF  

Ian McIntosh  
Mac Morris  
CROWLEY FLECK PLLP  
1915 South 19th Avenue  
P.O. Box 10969  
Bozeman, MT 59719-0969  
Telephone: (406) 556-1430  

*Attorneys for Defendant Big Sky Resort*

*Plaintiff's Response to Big Sky's First Discovery Requests– 10*