John Meyer, MT Bar #11206
P.O. Box 412
Bozeman, MT 59771
Ph: (406) 546-0149
John@cottonwoodlaw.org

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

|  |  |  |
|---|---|---|
| JOHN MEYER, | ) | |
| | ) | |
| | ) | Case No. 2:18-CV-0002-BMM |
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S EXHIBIT 1 |
| | ) | |
| BIG SKY RESORT; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

☆ **Kelsey Bunkers** 📎                                  July 18, 2018 at 4:32 PM   KB
Meyer v. Big Sky - Discovery
**To:** John Meyer,  **Cc:** Ian McIntosh                          Details

📦  New contact info found in this email: Kelsey Bunkers kbunkers@crowleyfleck.com        add…  ⊗

John –

Can we get an extension of time until August 15, 2018 to respond to Plaintiff's first discovery requests to Big Sky Resort, including any requests for admission?

We would like to take your deposition.  Please let us know some dates you are available in late July and August for a deposition.

Thanks, Kelsey

**KELSEY E. BUNKERS**
1915 SOUTH 19th AVENUE
P.O. Box 10969
BOZEMAN, MT 59719
kbunkers@crowleyfleck.com
VOICE 406.522.4524 FAX 406.556.1433
www.crowleyfleck.com


CROWLEY | FLECK PLLP
ATTORNEYS

THIS ELECTRONIC MAIL TRANSMISSION MAY CONSTITUTE AN ATTORNEY-CLIENT COMMUNICATION THAT IS PRIVILEGED AT LAW.  IT IS NOT INTENDED FOR TRANSMISSION TO, OR RECEIPT BY, ANY UNAUTHORIZED PERSONS.  IF YOU HAVE RECEIVED THIS ELECTRONIC MAIL TRANSMISSION IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM WITHOUT COPYING IT, AND NOTIFY THE SENDER BY REPLY E-MAIL, OR BY CALLING CROWLEY FLECK PLLP SO THAT OUR ADDRESS RECORD CAN BE CORRECTED.

NOTICE: This electronic mail transmission may constitute an Attorney-Client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling Crowley Fleck PLLP, 406-252-3441, so that our address record can be corrected.

This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com

**John Meyer**                                                     July 18, 2018 at 4:36 PM

Re: Meyer v. Big Sky – Discovery                                          Details

**To:** Kelsey Bunkers,   **Cc:** Ian McIntosh



Hi Kelsey,

No problem on the extension.

I am not available for a deposition until mid-October.

I am getting married September 9th and I will not allow this abuse of process lawsuit to throw that into the air again.

Thank you for understanding.

John Meyer
Executive Director & General Counsel
Cottonwood Environmental Law Center
P.O. Box 412 Bozeman, MT 59771
John@Cottonwoodlaw.org
(406) 546-0149

The information contained herein is privileged and confidential. If you are not the intended recipient, you must delete this email and inform the sender of the error.

Like what we're doing? Click here to donate.

**Kelsey Bunkers** 📎         July 18, 2018 at 5:10 PM   KB

RE: Meyer v. Big Sky - Discovery       Details

**To:** John Meyer,   **Cc:** Ian McIntosh

📇 New contact info found in this email: Kelsey Bunkers kbunkers@crowleyfleck.com    add...   ⊗

John –

Thanks for the extension.

We are not going to wait for 3 months (mid-October) to take your deposition.  Please provide us some dates you are available in late July and August for a deposition or we will be forced to unilaterally pick a date and set the deposition.  If you do not want to be deposed in this matter, you can simply dismiss the lawsuit.  This is not an abuse of process lawsuit.  You chose to file the lawsuit and the abuse of process claim was only asserted as a counterclaim to the allegations you made.

Thanks, Kelsey


**KELSEY E. BUNKERS**
1915 SOUTH 19th AVENUE
P.O. Box 10969
BOZEMAN, MT 59719
kbunkers@crowleyfleck.com
VOICE 406.522.4524 FAX 406.556.1433
www.crowleyfleck.com



CROWLEY | FLECK PLLP
A T T O R N E Y S

THIS ELECTRONIC MAIL TRANSMISSION MAY CONSTITUTE AN ATTORNEY-CLIENT COMMUNICATION THAT IS PRIVILEGED AT LAW.  IT IS NOT INTENDED FOR TRANSMISSION TO, OR RECEIPT BY, ANY UNAUTHORIZED PERSONS.  IF YOU HAVE RECEIVED THIS ELECTRONIC MAIL TRANSMISSION IN ERROR, PLEASE DELETE IT FROM YOUR SYSTEM WITHOUT COPYING IT, AND NOTIFY THE SENDER BY REPLY E-MAIL, OR BY CALLING CROWLEY FLECK PLLP SO THAT OUR ADDRESS RECORD CAN BE CORRECTED.

**John Meyer**                                                    September 13, 2018 at 10:36 PM

Meyer v. Big Sky (2:18-cv-00002-BMM)

**To:** Ian McIntosh,    Mac Morris,    kelsey Bunkers                          

Counsel:

I hope this finds you well.

I have attached a request for you to complete discovery in the above-referenced case.

Please do not hesitate to contact me if you have any questions or concerns.

Best regards,



Rule 37(a)(4)
Request.pdf

John Meyer
Executive Director & General Counsel
Cottonwood Environmental Law Center
P.O. Box 412 Bozeman, MT 59771
John@Cottonwoodlaw.org
(406) 546-0149

The information contained herein is privileged and confidential. If you are not the intended recipient, you must delete this email and inform the sender of the error.

Like what we're doing? Click here to donate.

John Meyer
P.O. Box 412 Bozeman, MT 59771
John@cottonwoodlaw.org | (406) 546-0149

To: Ian McIntosh, Kelsey Bunkers, Mac Morris
Re: *Meyer v. Big Sky* (2:18-cv-0002-BMM)

September 13, 2018

Counsel:

Pursuant to Federal Rule of Civil Procedure 37(a)(4), I hereby request that

you completely respond to my discovery request. In particular, I request that you

fulfill the following requests:

**INTERROGATORY NO. 1:** If Big Sky Resort, or anyone acting on its behalf,
had any conversations with any newspaper, radio, or media outlet regarding the
incident that formed the basis for this lawsuit, please identify each person that was
present at the time of the conversation, the location of the conversation, the date of
the conversation, and give a complete description of each conversation in as much
detail as can be recalled.

**ANSWER:**

. . . Big Sky may have provided a statement. Big Sky is looking for any statement it
may have provided and will produce it if it is located. . .

**REQUEST FOR PRODUCTION NO. 9**: Please produce all documents,
including but not limited to emails, hand-written notes, notices, complaints,
grievances, lawsuits, and settlements, that have been submitted to, or filed against,
Big Sky Resort regarding:

a. Lack of signs, gates, fences, or other safety equipment used to mark ski
terrain.
b. Unsafe or potentially unsafe ski terrain or conditions under or near the
Challenger ski lift.
c. Lack of heat in ski shacks or operating rooms for ski patrol.
d. Unsafe working conditions.
e. Inadequate training for any employee, ex-employee, contractor, former
contractor,

volunteer or former volunteer.

**RESPONSE:** Big Sky objects to this Request . . . These topics have no bearing on Plaintiff's allegations in this lawsuit and are merely a fishing expedition . . .

 "[D]iscovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). As the Supreme Court has noted,

> One of the chief arguments against the 'fishing expedition' objection is the idea that discovery is mutual—that while a party may have to disclose his case, he can at the same time tie his opponent down to a definite position.

*Hickman*, 329 U.S. at 507 n.8 (citation omitted).

"Most often, it is after the commencement of litigation that parties obtain the fullest possible knowledge of the issues and facts of their case." *In re Perez*, 749 F.3d 849, 856 (9th Cir. 2014) (internal quotations and citations omitted). Relevance for purposes of discovery is defined very broadly. *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998) (citation omitted). "Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case." *Town v. Fode*, 2010 WL 2671581 at *1 (D. Mont. June 30, 2010). "Information is relevant to the subject matter if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement." *Hickman*, 329 U.S. at 506-507.

If you do not provide me with the requested information by September 20, 2018, I will be forced to file a motion to compel and request fees.

Please do not hesitate to contact me with any questions.

Best regards,

/s/ John Meyer
JOHN MEYER

☆ **Ian McIntosh** 📎
RE: Meyer v. Big Sky (2:18-cv-00002-BMM)
To: John Meyer,   Mac Morris,   Kelsey Bunkers

September 14, 2018 at 8:47 AM

IM

🔖 New contact info found in this email: Ian McIntosh imcintosh@crowleyfleck.com          add...   ⊗

John –

We will supplement Big Sky's repose to Interrogatory No. 1.  I am working out of town late next week, so we will not be able to supplement by September 20, but we will provide a supplemental response as soon as possible.

As to Request for Production No. 9, your letter does not explain why you believe Big Sky's discovery response is insufficient or why you believe the requested information is relevant.  Instead, your letter simply recites general discovery principals, which does not satisfy your duty to meet and confer pursuant to Local Rule 26.3(c).  Please explain why you believe Big Sky's discovery response is insufficient and why you believe the requested information is relevant, and we will consider your position.

Ian McIntosh
Crowley Fleck PLLP
1915 S. 19th Ave
Bozeman, MT 59718

Direct Line: (406)522-4521
imcintosh@crowleyfleck.com

☆ **John Meyer**
Re: Meyer v. Big Sky (2:18-cv-00002-BMM)
To: Ian McIntosh,   Cc: Mac Morris,   Kelsey Bunkers

September 14, 2018 at 11:12 AM

Details

Counsel:

Do you oppose a motion to compel the supplemental documents from Interrogatory Number 1 and Request for Production Number 9 by Thursday, September 20th?

Thank you,

John Meyer
Executive Director & General Counsel
Cottonwood Environmental Law Center
P.O. Box 412 Bozeman, MT 59771
John@Cottonwoodlaw.org
(406) 546-0149

The information contained herein is privileged and confidential. If you are not the intended recipient, you must delete this email and inform the sender of the error.

Like what we're doing? Click here to donate.

**Ian McIntosh** 📎                                    September 14, 2018 at 11:23 AM   IM
RE: Meyer v. Big Sky (2:18-cv-00002-BMM)                                          Details
**To:** John Meyer,   **Cc:** Mac Morris,   Kelsey Bunkers

📖 New contact info found in this email: Ian McIntosh imcintosh@crowleyfleck.com      add...   ⊗

John –

Your email below does not make sense.  What are you asking?

We already responded to your letter about the two discovery requests mentioned below.  For your convenience, our response email is enclosed again with this email.  Please review the enclosed email and respond.

Ian McIntosh
Crowley Fleck PLLP
1915 S. 19th Ave
Bozeman, MT 59718

☆ **John Meyer** 📎                                September 14, 2018 at 11:41 AM
Re: Meyer v. Big Sky (2:18-cv-00002-BMM)                                          Details
**To:** Ian McIntosh,   **Cc:** Mac Morris,   Kelsey Bunkers

Counsel:

I am asking that you supplement the discovery by next Thursday.

I have attached a letter that more thoroughly addresses why.

Thank you,


9/14/18
Request.pdf

**John Meyer**

Re: Meyer v. Big Sky (2:18-cv-00002-BMM)

**To:** Ian McIntosh,  **Cc:** Mac Morris,   Kelsey Bunkers

September 14, 2018 at 4:30 PM

Details

Counsel:

I wanted to follow up on our last correspondence and determine whether Defendant will supplement the two requests by next Thursday.

I believe that my latest letter satisfies the Local Rule 26.3(c) requirement to confer with you in a detailed, comprehensive correspondence. As I stated in my letter, I believe the requested items "might reasonably assist me in evaluating the case, preparing for trial or facilitating settlement."

If I do not hear from you by 5 pm I will notify the Court that you did not respond to whether you fill the request by next Thursday and assume you oppose my filing a motion to compel.

Have a great weekend.

John Meyer
P.O. Box 412 Bozeman, MT 59771
John@cottonwoodlaw.org | (406) 546-0149

To: Ian McIntosh, Kelsey Bunkers, Mac Morris
Re: *Meyer v. Big Sky* (2:18-cv-0002-BMM)

September 14, 2018

Counsel:

I am writing in regards to my letter dated September 13, 2018, in which I requested that Defendant fill my original discovery request.

In particular, I asked:

**INTERROGATORY NO. 1:** If Big Sky Resort, or anyone acting on its behalf, had any conversations with any newspaper, radio, or media outlet regarding the incident that formed the basis for this lawsuit, please identify each person that was present at the time of the conversation, the location of the conversation, the date of the conversation, and give a complete description of each conversation in as much detail as can be recalled.

You responded by stating that "Big Sky may have provided a statement. Big Sky is looking for any statement it may have provided and will produce it if it is located. . ."

On the morning of September 14, 2018, less than 12 hours after I requested that Defendant fill the request, you responded that the interrogatory will be supplemented. Your immediate response seems to indicate that you knew Big Sky provided a statement but were not going to produce it until I again requested the information.

Your response that you will not provide the documents within one week but will do so as soon as possible is unacceptable in light of the fact that we are already past the deadline which I agreed to extend to August 15, 2018. The documents may have been used as part of the response to media issues that were raised in Defendant's motion to dismiss, which was filed on August 15, 2018. Moreover, another attorney responded to the original discovery request and you have three attorneys of record listed.

If you do not provide me with the documents within one week I will be forced to file a motion to compel. If you would like, I can pick up the documents at your office Thursday afternoon to save postal resources and avoid any confusion regarding the mailbox rule again.

In my September 13th letter I also asked you to complete:

**REQUEST FOR PRODUCTION NO. 9**: Please produce all documents, including but not limited to emails, hand-written notes, notices, complaints, grievances, lawsuits, and settlements, that have been submitted to, or filed against, Big Sky Resort regarding:

    a.  Lack of signs, gates, fences, or other safety equipment used to mark ski terrain.
    b.  Unsafe or potentially unsafe ski terrain or conditions under or near the Challenger ski lift.
    c.  Lack of heat in ski shacks or operating rooms for ski patrol.
    d.  Unsafe working conditions.
    e.  Inadequate training for any employee, ex-employee, contractor, former contractor, volunteer or former volunteer.

**RESPONSE:** Big Sky objects to this Request . . . These topics have no bearing on Plaintiff's allegations in this lawsuit and are merely a fishing expedition . . .

My September 13th, 2018 letter stated, in part:

> "[D]iscovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)

On September 14th, 2018, you responded:

> your letter does not explain why you believe Big Sky's discovery response is insufficient or why you believe the requested information is relevant.  Instead, your letter simply recites general discovery principals, which does not satisfy your duty to meet and confer pursuant to Local Rule 26.3(c).  Please explain why you believe Big Sky's discovery response is

insufficient and why you believe the requested information is relevant, and we will consider your position.

"Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case." *Town v. Fode*, 2010 WL 2671581 at *1 (D. Mont. June 30, 2010). The request for production is relevant because it "might reasonably assist me in evaluating the case, preparing for trial or facilitating settlement." *Hickman v. Taylor*, 329 U.S. 495, 506-507 (1947).

Please let me know whether you will complete the requests by Thursday, September 20th, 2018. If not, please indicate whether you oppose a motion to compel.

Thank you for considering,

/s/ John Meyer
JOHN MEYER

**Ian McIntosh**                                  September 17, 2018 at 8:44 AM

RE: Meyer v. Big Sky (2:18-cv-00002-BMM)                                        Details                

**To:**  John Meyer,   **Cc:**  Mac Morris,   Kelsey Bunkers

📒  New contact info found in this email:  Ian McIntosh imcintosh@crowleyfleck.com                add...   ⊗

John –

As I have already told you, we will supplement our client's response to Interrogatory No. 1, but we cannot do so by Thursday.  We can't supplement by Thursday because, as you have already been told, I am out of the office most of this week.  In addition, our client contact at Big Sky that we need to speak to about the supplemental response is also out of the office.

Your wild speculation that our "immediate response seems to indicate that you knew Big Sky provided a statement but were not going to produce until I again requested the information" is wrong. Big Sky's supplemental response to Interrogatory No. 1 will describe communications Big Sky has had with the media after August 15.  You were contacted by the same media outlet that contacted Big Sky, yet you have not supplemented your response to Big Sky's Request for Production No. 22 requesting all of your communications with the media.  Please let us know when you will supplement your response to RFP 22.

You still have not explained why the information sought in RFP 9 to Big Sky is relevant to your claims.  For example, if a ski patroller complained about lack of heat in a ski shack a year before your ski wreck, that complaint has nothing to do with your claim. Your request for this information was served for an improper purpose, to harass Big Sky and to abuse the legal process.

We cannot stop you from filing a motion to compel, but if you file such a motion we will demonstrate to the Judge your failure to comply with Local Rule 26.3(c), and we will seek our client's costs and attorneys' fees for having to respond to such a frivolous motion.

Ian McIntosh
Crowley Fleck PLLP
1915 S. 19th Ave
Bozeman, MT 59718

Direct Line: (406)522-4521
imcintosh@crowleyfleck.com

**INTERROGATORY NO. 1:**  If you, or anyone acting on your behalf, had any conversations with any employee or ex-employee of Big Sky or Boyne after December 11, 2015, please identify each person that was present at the time of the conversation, the location of the conversation, the date of the conversation, and give a complete description of each conversation in as much detail as you can recall.

**ANSWER: See 000001-000005**

**REQUEST FOR PRODUCTION NO. 23:**  Please produce a complete copy of the article about this lawsuit that was submitted to the Outlaw magazine, and all of your comments and communications with the author of the article.

**RESPONSE:**  To the best of Plaintiff's knowledge, no article about this lawsuit was ever submitted to Outlaw magazine.

Supposedly Explore Big Sky was going to run an article but the owner of the paper (the same owner of Outlaw magazine) pulled the article the night before it was printed. Plaintiff never saw the article that was to be printed.

Amanda Eggert, who was with John Meyer the day of the incident, left Explore Big Sky shortly after the article was pulled. She did not write the article because she wanted to avoid any perceived conflicts of interest.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents, including but not limited to emails, hand-written notes, notices, complaints, grievances, lawsuits, and settlements, that have been submitted to, or filed against, Big Sky Resort regarding:

a. Lack of signs, gates, fences, or other safety equipment used to mark ski terrain.
b. Unsafe or potentially unsafe ski terrain or conditions under or near the Challenger ski lift.
c. Lack of heat in ski shacks or operating rooms for ski patrol.
d. Unsafe working conditions.
e. Inadequate training for any employee, ex-employee, contractor, former contractor, volunteer or former volunteer.

**RESPONSE:** Big Sky objects to this Request for Production to the extent it seeks documents regarding lack of heat in ski shacks or operating rooms for ski patrol, unsafe working conditions, and inadequate training for any employee, ex-employee, contractor, former contractor, volunteer or former volunteer as

*Big Sky's Responses to Plaintiff's First Discovery Requests – 9*



irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. These topics have no bearing on Plaintiff's allegations in this lawsuit and are merely a fishing expedition for materials not related to this lawsuit.

Big Sky further objects to this Request for Production to the extent it asks for documents regarding lack of signs, gates, fences, or other safety equipment used to mark ski terrain and unsafe or potentially unsafe ski terrain or conditions under or near the Challenger ski lift without being limited to the area where Plaintiff's incident occurred. The only location relevant to this lawsuit is the Bermuda triangle below loop road at the base of highway and therefore this request is objectionable to the extent it seeks documents relating to other locations.

Big Sky does not object to producing documents regarding lack of signs, gates, fences, or other safety equipment used to mark ski terrain and unsafe or potentially unsafe ski terrain or conditions related to the Bermuda triangle below loop road at the base of highway and responds to this portion of the discovery request as follows:

To the best of its knowledge, no responsive documents exist.

SKY 1 to BIG SKY 26.  See also BIG SKY 147, which is produced with these discovery responses.

**INTERROGATORY NO. 1:**  If Big Sky Resort, or anyone acting on its behalf, had any conversations with any newspaper, radio, or media outlet regarding the incident that formed the basis for this lawsuit, please identify each person that was present at the time of the conversation, the location of the conversation, the date of the conversation, and give a complete description of each conversation in as much detail as can be recalled.

**ANSWER:**  David Madison from Lone Peak Lookout sent Chelsi Moy, Big Sky media contact, e-mails on November 21, 2017 and November 22, 2017, which are produced with these discovery responses as BIG SKY 148 to BIG SKY 149.

Big Sky also believes Amanda Eggert, Plaintiff's girlfriend, from Explore Big Sky

*Big Sky's Responses to Plaintiff's First Discovery Requests – 2*

contacted Chelsi Moy, Big Sky media contact, sometime in November or December 2017, asking for a statement regarding Plaintiff's incident, and Big Sky may have provided a statement. Big Sky is looking for any statement it may have provided and will produce it if it is located. On or about December 22, 2017, Big Sky was informed by Explore Big Sky that no article would be published. Big Sky also exchanged e-mails with Eric Ladd from Outlaw Partners in December 2017, which is produced with these discovery responses as BIG SKY 150 to BIG SKY 151.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents

Meeting between Taylor Middleton and John Meyer

Date: December 12, 2016

Location: Zocalo Coffee (Bozeman, MT)

Description of conversation:

Meyer and Middleton never discussed the ski accident that led to this lawsuit. Meyer and Middleton made small talk—Meyer asked Middleton if he had ever met Yvon Chouinard. Middleton said yes and said that Chouinard and Patagonia always position themselves as outsiders. The small talk ended. Meyer asked Middleton what it would cost to provide health care for seasonal employees. The two did some verbal math and determined it would cost about $4 million/year, or $10 more per lift ticket. Meyer asked Middleton if Big Sky would do it. Middleton told Meyer that he was a "big thinker." Middleton said he would get back to Meyer.

Date: December 7, 2017

Location: Compass Cafe (Big Sky, Montana)

Description of conversation:

Meyer and Middleton discussed Native Americans technology such as arrowheads and buffalo jump.. Middleton talked about the benefits of technology, Meyer noted that rifles and horses led to the demise of tribal culture. Meyer noted the that Big Sky has the technology to provide for heated ski lifts, but does not provide its employees with health insurance.

Meyer asked Middleton if Big Sky would provide health care for its employees.  Middleton asked how Meyer why health care. Meyer said that $50 million is approximately the amount of damages he would seek. Meyer asked Middleton if he ever feels like he would like to but can't take care of members of his Tribe. Middleton said yes.

 Middleton asked Meyer what happened. Meyer told Middleton outside of the café that the area where he was skiing was not marked and if the drop off had been marked he would not have gotten into the accident.

**From:** Eric Ladd [mailto:eric@theoutlawpartners.com]
**Sent:** Monday, December 25, 2017 3:43 PM
**To:** Middleton,Taylor <tmiddleton@bigskyresort.com>
**Subject:** Re: Quick call or meeting

Taylor - thank you and sorry we did not connect.  Holidays got the best of my schedule.

We can connect after the new year.

In summary, I wanted to call and apologize for my team reaching out regarding the John Meyer situation, this was a mistake on my editors behalf.  Amanda (editor) no longer works for Outlaw and at this time we do not deem John's suit news worthy, if this changes I will let you know.

Have a Happy Holidays and congrats on all the snow!

Eric


On Dec 22, 2017, at 1:29 PM, Middleton,Taylor <tmiddleton@bigskyresort.com> wrote:

Hi Eric

Hope you are well. I'd enjoy catching up. I can call you about 215 today or we can talk or meet Saturday or Monday. Let me know what is best for you.

Thank you. Taylor

On Dec 21, 2017, at 4:32 PM, Eric Ladd <eric@theoutlawpartners.com> wrote:

Hello Taylor, congrats on the opening

I wanted to have a quick call or meeting with you regarding this lawsuit and John Meyer.

No story here or questions here, just wanted to update you on behalf on my company.

Thank you.

Eric Ladd

BIG SKY 150

406-570-0639
eric@theoutlawpartners.com
www.outlaw.partners

The information transmitted is the property of Boyne Resorts and is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Statements and opinions expressed in this e-mail may not represent those of the company. Any review, retransmission and other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender immediately and delete the material from any computer.

Boyne Resorts
http://www.boyneresorts.com

Eric Ladd
406-570-0639
eric@theoutlawpartners.com
www.outlaw.partners

BIG SKY 151