# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>    Plaintiff,<br><br>    v.<br><br>BIG SKY RESORT,<br><br>    Defendant. | **CV-18-02-BU-BMM**<br><br>**ORDER** |

The Court addresses the following motions: Defendant Big Sky Resort's ("Big Sky") Motion for Judgement on the Pleadings (Doc. 9); Plaintiff Meyer's ("Meyer") Motion to File Sur-Reply (Doc. 13); Big Sky's Motion to Dismiss (Doc. 29); and Meyer's Motion to Dismiss (Doc. 35).

## I.   Big Sky's Motion to Dismiss (Doc. 29)

Big Sky seeks to dismiss with prejudice Meyer's lawsuit as a sanction for Meyer's alleged abuse of judicial process and other alleged violations of the Montana Rules of Professional Conduct. (Doc. 30 at 7). District courts possess an "inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). These powers are "governed not by rule or statute but by the control necessarily

1

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962).

A finding of "bad faith" that permits the Court to impose sanctions under its inherent power does not require that the legal and factual basis for the action prove totally frivolous. *Fink*, 239 F.2d at 992. If the litigant is "substantially motivated by vindictiveness, obduracy or mala fides, then assertion of colorable claim will not bar assessment of attorney fees" and sanctions. *Id.* Accordingly, bad faith sanctions are justified when a party intends to act for an improper purpose. *Id.*

The district court in *United States v. Stoneberger*, 805 F.2d 1391 (9th Cir. 1986), suspended an attorney for one year as a sanction for being late to several scheduled trial dates on a prosecution for misdemeanor criminal charges before a federal magistrate. The attorney claimed that he had been tied up with other cases in state court. The Ninth Circuit reversed. *Id.* The Ninth Circuit determined that "[a] specific finding of bad faith . . . must precede any sanction under the court's inherent [sanction] powers." *Id.* Mere tardiness failed to reach the requisite improper purpose or intent required for sanctions. *Id.* at 1393.

The Ninth Circuit regularly has denied sanctions where counsel simply acted negligently or where no evidence existed that an attorney had acted in bad faith or had intended to mislead the court. For example, the Ninth Circuit in *Zambrano v.*

*City of Tustin,* 885 F.2d 1473 (9th Cir. 1989), vacated sanctions against two attorneys who had failed to comply with a local rule that required them to be admitted to the district court bar before making an appearance. The Ninth Circuit determined the trial court must make a specific finding of bad faith to accompany the sanctions order in all such cases. *Id.* at 1478.

The Ninth Circuit in *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993), likewise vacated an order of sanctions premised on "careless and slovenly" legal work. The Ninth Circuit determined that a trial court lacks the power to impose sanctions pursuant to its inherent authority absent a "specific finding of bad faith." *Id.* at 1393, citing *Stoneberg*, 805 F.2d at 1393; *see also Jones v. Williams*, 68 F. App'x 857, 859 (9th Cir. 2003) (vacating sanctions imposed for counsel's violation of a pre-trial order without a determination that counsel had acted in bad faith); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (vacating sanctions imposed for counsel's failure to make reasonable inquiry before filing an action).

Meyer's conduct falls short of bad faith that rises to the level necessary for sanctions to be imposed. Big Sky casts Meyer's admissions of the allegations in its counterclaim as acts of bad faith. Big Sky claims that Meyer admits to coercion when he states that he attempted "to settle the case for much less than $50 million by offering to drop the lawsuit if Defendants . . . agreed to provide healthcare for

its employees." (Doc. 30 at 11). Big Sky alleges that Meyer's $50 million claim is frivolous. Big Sky further asserts that Meyer seeks an award of the cost of Big Sky meeting his demand of healthcare for its employees. *Id.*

Meyer remains free to use the proceeds from any eventual settlement of his negligence claims with Big Sky for any purpose that he wishes. Meyer also remains free to use any jury award arising from his negligence claims against Big Sky for any purpose that he chooses – including the creation of a trust to help pay for the healthcare of Big Sky's employees. In the interim, Meyer, as counsel for himself, remains bound by the Montana Rules of Professional Conduct and the rules of this Court. D. Mont. L.R. 83.8(a); 83.2(a).

Meyer's path of conduct is troubling. Meyer has organized and engaged in public rallies against Big Sky. (Doc. 30 at 19-20). Meyer, as opposing counsel and litigant, solicited Big Sky employees to engage in the public rallies via public posts on social media. *Id.*; Mont. R.P.C. 4.4(a). Meyer knowingly communicated with Big Sky ski patrol in November and December of 2017 when Meyer knew that counsel represented Big Sky and its employees. *Id.* at 12-13; Mont. R.P.C. 4.2. Meyer contacted Big Sky's counsel and informed them he was prepared to rent a billboard "on Highway 191 on the way to Big Ski Resort that says, 'Heated chair lifts, but no healthcare for seasonal employees? That's B.S.!'" *Id.* at 22; Mont. R.P.C. 4.4(a); *see also* Ex. 19 (Meyer email dated March 16, 2018).

Meyer's conduct, though troubling and unprofessional, falls short of a violation of the Montana Rules of Professional Conduct and does not warrant sanctions at this time. The Court cautions Meyer, however, that future conduct could rise to the level of bad faith that would warrant the imposition of sanctions if he persists despite this warning in his extra-judicial actions to coerce Big Sky into a settlement that conflict with his duties under the Montana Rules of Professional Conduct and the rules of this Court. The Court will tolerate no further violations or deviations from these rules by Meyer.

Accordingly, the Court denies Big Sky's motion to dismiss and denies the imposition of any sanctions against Meyer at this time. The Court further takes this opportunity to recommend that Meyer retain counsel to represent him in this matter. Meyer's conduct to date demonstrates a lack of understanding of his obligations under the Montana Rules of Professional Conduct and the rules of this Court in pursuing his negligence claims against Big Sky. *See* D. Mont. L.R. 83.2(a); 83.1(a)(1).

## II. Big Sky's Motion for Judgement on the Pleadings (Doc. 9)

Big Sky seeks a judgment on the pleadings on the liability portion of its abuse of process counterclaim against Meyer pursuant to Federal Rule of Civil Procedure 12(c). Big Sky alleges that Meyer's Answer to Big Sky's Counterclaim

proves that Meyer brought his lawsuit for an improper purpose in an effort to coerce Big Sky to provide healthcare benefits to its employees. (Doc. 9).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." For purposes of this motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). Judgement on the pleadings proves proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgement as a matter of law. *Id.* Judgement on the pleadings proves improper, however, when a district court goes beyond the pleadings to resolve an issue. Fed. R. Civ. P. 12(c).

Federal Rule of Civil Procedure 8(b)(6) provides that an "allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." "Neither proof nor finding is requisite in respect of unconstested issues." *Fontes v. Porter*, 156 F.2d 956, 957 (9th Cir. 1946).

Paragraphs 15 – 18 of Big Sky's Counterclaim make the following allegations:

15. Meyer committed a willful act in the use of process not proper in the regular conduct of the proceeding by filing this lawsuit with an ulterior motive, having Summons issued, and serving the Complaint.

16. Meyer is attempting to use this lawsuit to leverage or coerce Big Sky to do a collateral thing that Big Sky could not be legally or regularly compelled to do, namely, to provide additional benefits and compensation to its employees, which is a purpose for which the legal process was not designed.

17. Meyer's actions constitute abuse of process.

18. As a result of Meyer's abuse of process, Big Sky has incurred damages including costs, attorneys' fees, and other damages.

(Doc. 5 at ¶¶ 15-18). Meyer failed to respond to the above stated allegations of Big Sky's counterclaim. This Court cannot ignore the Federal Rules of Civil Procedure and must acknowledge that Meyer's failure to respond results in his admitting to these allegations, pursuant to Federal Rule of Civil Procedure 8(b)(6).

The question arises as to the practical consequences of Meyer's admitted liability on Big Sky's counterclaim. Meyer retains his negligence claims against Big Sky. Meyer's admitted liability on Big Sky's counterclaim does not bar his recovery on his negligence claims. Any recovery by Meyer on his negligence claims against Big Sky must be offset by any award from the jury to Big Sky on its abuse of process counterclaim.

The Court declines to bifurcate Big Sky's counterclaim into a separate trial, pursuant to Fed. R. Civ. P. 42(b), to avoid unnecessary delay and expenses to the parties. *See Bloxham v. Mountain West Farm Bureau Mutual Ins. Co.*, 43

F.Supp.2d 1121, 1130 (D. Mont. 1999). The Court instead anticipates that the jury first would hear the evidence related to Meyer's negligence claims against Big Sky and render a verdict on those claims. The Court would then call upon the same jury to hear evidence related to Big Sky's abuse of process counterclaim against Meyer. Meyer has admitted liability to the counterclaim through his failure to respond. As a result, the jury would be required only to render a verdict on any damages to Big Sky arising from the counterclaim.

The Court would employ the jury for seriatim trials in a fashion similar to the process employed for bad faith insurance claims. *Malta Pub. Sch. Dist. A & 14 v. Montana Seventeenth Judicial Dist. Court, Phillips Cty.*, 283 Mont. 46, 53, 938 P.2d 1335, 1339 (1997); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (declining to bifurcate into separate trials issue of contract damages from issue of punitive damages). As a result, the Court deems it appropriate, pursuant to its inherent authority, to hold in abeyance the issue of potential damages to Big Sky on its abuse of process counterclaim, until after the same jury resolves Meyer's negligence claims against Big Sky.

**III. Meyer's Motion for Leave to File Sur-Reply (Doc. 13)**

Meyer asks the Court for leave to file a sur-reply in response to Big Sky's motion for judgement on the pleadings for its abuse of process counterclaim. (Doc. 13). Meyer asks this Court to deny the motion for judgment on the pleadings

8

and find that counsel for Big Sky lacked probable cause for the abuse of process counterclaim. *Id.* This Court's decision on Big Sky's motion for judgement on the pleadings (Doc. 9), stated above in Section II, offers sufficient reason to establish that Big Sky's motion neither lacks probable cause nor represents a malicious intent by Big Sky. The Court will deny Meyer's motion for leave to file a sur-reply. (Doc. 13).

### IV. Meyer's Motion to Dismiss Abuse of Process Claim (Doc. 35)

Meyer further moves the Court to dismiss Big Sky's abuse of process counterclaim for failure to state a claim. This Court's analysis and decision on Big Sky's motion for judgement on the pleadings (Doc. 9) demonstrates that Big Sky alleged sufficient factual matter to survive a motion to dismiss. Meyer's motion to dismiss the abuse of process claim (Doc. 35) will be denied.

### ORDER

Accordingly, **IT IS ORDERED** that Big Sky's motion to dismiss Meyer's negligence claims (Doc. 29) is **DENIED**. The Court again cautions Meyer of the need to adhere strictly to the Montana Rules of Professional Conduct and the rules of this Court in all future proceedings. D. Mont. L.R. 83.2(a).

**IT IS ORDERED** that Meyer's motion to file a sur-reply in response to Big Sky's motion for judgement on the pleadings is **DENIED**.

**IT IS ORDERED** that Big Sky's motion for judgement on the liability portions of the pleadings (Doc. 9) is **GRANTED IN PART**, but final resolution of any damages arising from Big Sky's counterclaims shall be held in abeyance until after the same jury first resolves Meyer's negligence claims against Big Sky.

**IT IS ORDERED** that Meyer's motion to dismiss (Doc. 35) Big Sky's counterclaim is **DENIED** in light of the Court's Order granting Big Sky's motion for judgement on the pleadings (Doc. 9).

DATED this 27th day of November, 2018.

*[Signature: Brian Morris]*

Brian Morris
United States District Court Judge