# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER<br><br>　　　　Plaintiff,<br><br>v.<br><br>BIG SKY RESORT and SALEWA USA LLC,<br><br>　　　　Defendants. | CV-18-02-BU-BMM<br><br>**ORDER** |

## INTRODUCTION

Plaintiff John Meyer previously had two pending cases before the Court: *Meyer v. Big Sky Resort*, CV-18-02-BU-BMM ("*Meyer I*"), and *Meyer v. Crowley Fleck PLLP and Big Sky Resort*, CV-18-53-BU-BMM ("*Meyer II*"). The Court closed *Meyer II* upon granting Defendant Big Sky Resort's ("Big Sky") Motion to Dismiss for Failure to State a Claim (Doc. 7) on November 27, 2018. (Doc. 14.) *Meyer I* remains pending with the Court.

Meyer seeks leave to amend his answer to Defendant Big Sky's abuse of process counterclaim. (Doc. 54.) Meyer likewise seeks leave to amend his supplemental complaint to include counterclaims against Big Sky, Ian McIntosh, and Crowley Fleck Law Firm ("Crowley Fleck"). *Id.* Big Sky seeks leave to file notice of supplemental facts to support its opposition to Meyer's motion for leave to amend his answer and supplemental complaint. (Doc. 75.) The Court will

1

address, in turn, each pending motion. The parties remain well versed on the facts of the instant litigation. The Court will not recite them here.

## DISCUSSION

### I.      Meyer's Motion to Amend Answer

Big Sky requests that the Court deny Meyer's motion to amend his answer to Big Sky's counterclaim. (Doc. 55 at 15.) Big Sky previously moved this Court to enter judgment on the pleadings as to Big Sky's counterclaim against Meyer based on Meyer's admissions in his answer. (Doc. 10 at 1.) The Court granted, in part, Big Sky's motion. (Doc. 48 at 10.) Big Sky contends that the Court's entry of judgment in favor of Big Sky as to the liability portion of Big Sky's counterclaim precludes the Court from entertaining Meyer's motion to amend his answer "without reopening the judgment under Rule 59 or 60." *Id.*

"The court my act *sua sponte* and reconsider its own orders." *N.A.A.C.P. v. Acusport Corp.*, 216 F. Supp. 2d 59, 61 (E. D. N. Y. 2002) (citing *Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (Fed R. Civ. P. 60(b))). The Court possess the "discretion to revise an interlocutory order at any time prior to the entry of final judgment." *Westar Energy, Inc. v. Lake*, 502 F. Supp. 2d 1191, 1194 (D. Kan. 2007). A court's disposition of a single claim in a suit involving multiple claims remains "subject to reconsideration until the entry of judgment on

all the claims, absent an explicit direction for the entry of judgment on the single claim." *Id.* (citing Fed. R. Civ. P. 54(b)).

The Court's *sua sponte* reconsideration of a previous order proves appropriate where "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* (citation omitted). The standards governing the Court's consideration of a Rule 59(e) or Rule 60(b) motion do not apply to a Court's *sua sponte* reconsideration, and revision, of a previous order. *Id.* (citation omitted).

The Court granted, in part, Big Sky's Motion for Judgment on the Pleadings (Doc. 9) as to Big Sky's abuse of process counterclaim against Meyer. (Doc. 48 at 10.) The Court held in abeyance final resolution of damages arising from Meyer's admitted liability. *Id.* at 10. The Court has yet to direct entry of judgment against Meyer as to Big Sky's counterclaim. As a result, the Court may reconsider *sua sponte* its previous order that granted, in part, Big Sky's Motion for Judgment on the Pleadings so long as the Court's reconsideration proves appropriate in light of the circumstances. *See Westar Energy, Inc.*, 502 F. Supp. 2d at 1194.

The Court, when it granted, in part, Big Sky's motion, focused on Meyer's failure to admit or deny explicitly the allegations contained in paragraphs 15 through 18 of Big Sky's counterclaim. (Doc. 48 at 6-7.) The Court reasoned that

3

Meyer's failure to respond translated to him admitting to the allegations contained in paragraphs 15 through 18 pursuant to Federal Rule of Civil Procedure 8(b)(6). *Id*. at 7.

The Court failed to acknowledge in its reasoning, however, that Meyer, an attorney, was proceeding *pro se*. At sight an attorney proceeding *pro se* presents a conundrum. An attorney proceeding *pro se* certainly possesses greater skills than the standard *pro se* litigant who brings an action with the Court. On the other hand, an attorney *pro se* litigant does not assume the role of an attorney for purposes of his litigation. The United States Supreme Court acknowledged this conundrum when it answered the question of "whether a lawyer who represents himself should be treated like other *pro se* litigations or like a client who has had the benefit of the advice and advocacy of an independent attorney" in *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

Richard Kay, an attorney proceeding *pro se*, brought a successful civil rights action challenging the constitutionality of a Kentucky election statute. *Id*. at 433-34. Kay sought an award of attorney's fees pursuant to 42 U.S. § 1988. *Id*. at 434. The Supreme Court faced the question on appeal of whether an attorney proceeding pro se may be awarded attorney's fees when a standard *pro se* litigant would not be entitled to such costs. *Id*. at 433. The Supreme Court denied fees.

The Supreme Court reasoned that "[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation." *Id*. at 437. An attorney proceeding *pro se* proves "deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witness, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." *Id*. An attorney proceeding *pro se* lacks the agency relationship that the word attorney assumes. *Id*. at 435. This overall lack of an agency relationship results in an attorney proceeding pro se being treated the same as a *pro se* litigant for purposes of seeking an award of attorney's fees pursuant to a statute. *Id*. at 438.

The Supreme Court's reasoning in *Kay* supports the proposition that an attorney pro se litigant resembles a traditional *pro se* litigant in that an attorney pro se litigant lacks the necessary objectivity to effectively litigate their claims. Though the Supreme Court in *Kay* admittedly did not address whether an attorney pro se litigant should be treated as a traditional *pro se* litigant at every stage of litigation, the logic still applies to all litigation proceedings. This approach proves especially true in the instant case where Meyer seemingly has embodied the Supreme Court's logic in *Kay*.

The Court's order that granted, in part, Big Sky's motion failed to treat properly Meyer as a traditional *pro se* litigant insofar as the Court did not construe liberally any document filed by a *pro se* litigant. *See* (Doc. 48 at 5-7); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (quotations omitted). The Court's failure to construe liberally Meyer's answer to Big Sky's abuse of process counterclaim constitutes an error of apprehension necessitating reconsideration of the Court's order that granted, in part, Big Sky's motion. *See Westar Energy, Inc.*, 502 F. Supp. 2d at 1194 (citation omitted).

The Court also failed to analyze whether any material issue of fact remains on the face of the pleading in light of the Court construing Meyer's failure to respond to paragraphs 15 through 18 of Big Sky's counterclaim as an admission to those specific allegations. Big Sky, in its motion for judgment on the pleadings, argued that Meyer's failure to respond to the allegations as contained in paragraphs 15 through 18 of Big Sky's counterclaim warranted judgment in favor of Big Sky. (Doc. 10 at 6.)

Paragraphs 15 through 18 state as follows:

15. Meyer committed a willful act in the use of process not proper in the regular conduct of the proceeding by filing this lawsuit with an ulterior motive, having a Summons issued, and serving the Complaint.

16. Meyer is attempting to use this lawsuit to leverage or coerce Big Sky to do a collateral thing that Big Sky could not be legally or regularly compelled to do, namely, to provide additional benefits and compensation to its employees, which is a purpose for which the legal process was not designed.

6

17. Meyer's actions constitute abuse of process.

18. As a result of Meyer's abuse of process, Big Sky has incurred damages including costs, attorneys' fees, and other damages.

(Doc. 5 at 9.) Meyer either admitted, denied, or attested that he lacked sufficient knowledge to answer paragraphs 1 through 14 of Big Sky's counterclaim. (Doc. 6 at 2-5.) The Court remains unclear as to why Meyer neglected to answer paragraphs 15 through 18 of Big Sky's counterclaim. Federal Rule of Civil Procedure 8(b) requires a party, in pertinent part, to respond to a pleading by either "admit[ting] or deny[ing] the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6).

A party may move pursuant to Rule 12(c) for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial." Fed. R. Civ. P. 12(c). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citations omitted). The moving party proves entitled to judgment on the pleadings "when the moving party clearly

establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

The Court in its previous Order stated that it remained required to "acknowledge that Meyer's failure to respond results in his admitting to [allegations contained in paragraphs 15 through 18], pursuant to Federal Rule of Civil Procedure 8(b)(6)." (Doc. 48 at 7.) The Court remains correct. Meyer's failure to answer paragraphs 15 through 18 constitutes an admission pursuant to Rule 8(b)(6). The Court's decision to construe Meyer's failure to respond as an admission, however, creates a genuine issue of material fact between Meyer's previous denials in his answer that indirectly correlate to paragraphs 15 through 18.

The Court's failure in analyzing whether Big Sky clearly established that no material issue of fact exists on the face of the pleadings constitutes an error of apprehension. *See Westar Energy, Inc.*, 502 F. Supp. 2d at 1194 (citation omitted). The Court deems it appropriate to reconsider its previous Order that granted, in part, Big Sky's Motion for Judgment on the Pleadings.

Big Sky failed to establish that no material issues of fact exist on the face of the pleadings that would entitle Big Sky to judgment as a matter of law. Meyer's answer to paragraph 14, when liberally construed, amounts to an implicit denial of possessing any ulterior motive in filing the instant litigation other than the motive to make Meyer whole, which includes Meyer's desire to thank Big Sky Ski Patrol

8

for saving Meyer's life. (Doc. 6 at 4-5.) Meyer likewise denied Big Sky's allegations that Meyer disparaged Big Sky in connection to the lawsuit and that Meyer brought this lawsuit solely to gain leverage to force Big Sky to provide additional benefits to its employees. (Docs. 5 at 8, 6 at 4.) The Court therefore must assume as false the allegations in paragraphs 9, 12, and 14, to the extent that Meyer denied them. *See Hal Roach Studios, Inc.*, 896 F.2d at 1550 (citations omitted). Big Sky proves not entitled to judgment on the pleadings. *See Hal Roach Studios, Inc.*, 896 F.2d at 1550 (citations omitted).

The Court nonetheless remains unwilling to set precedent that implicit denials to paragraphs of a complaint that remain unanswered constitute affirmative denials to those paragraphs. The Court freely will give a moving party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Indeed, under Rule 15, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *United States v. Gila Valley Irrigation District*, 859 F.3d 789, 804 (9th Cir. 2017).

None of these factors support denying Meyer leave to amend his answer. Meyer's answers to paragraphs 1 through 14, when construed liberally, seemingly answer paragraphs 15 through 18. As a result, Big Sky will not be prejudiced by the Court allowing Meyer to articulate clearly answers to paragraphs 15 through 18 that Meyer already included in his answer in paragraphs 1 through 14. The Court

allowing Meyer to amend his answer likewise would not be futile and would not cause undue delay of the proceedings. The Court put in place a scheduling order in this matter on the date of this Order. Finally, Meyer does not seek to amend his answer in bad faith. The Court will allow Meyer 14 days from the date of this Order to file an amended answer to Big Sky's abuse of process counterclaim.

## II.     Meyer's Motion to Supplement Complaint with Counterclaims

Meyer seeks to have the Court allow him "to file an amended complaint that asserts abuse of process and emotional distress counterclaims" against Big Sky, McIntosh, and Crowley Fleck. (Doc. 54-1 at 6-7.) Meyer initially asserted an abuse of process claim and a negligent and intentional infliction of emotional distress claim against Crowley Fleck and Big Sky in *Meyer II*. (Doc. 1.) Meyer filed an amended complaint in *Meyer II* on September 12, 2018, that removed Crowley Fleck as a party. (Doc. 6.) Big Sky moved the Court to dismiss Meyer's amended complaint on September 21, 2018. (Doc. 7.) Big Sky sought dismissal pursuant to Rule 12(b)(6) for failure to state a claim, or alternatively, for dismissal pursuant to Rule 13(a). *Id.* at 1-2. Meyer had failed to respond to Big Sky's Motion to Dismiss. (Doc. 14 at 1.)

The Court granted Big Sky's Motion to Dismiss on November 27, 2018. (Doc. 14.) The Court determined that dismissal of Meyer's amended complaint in *Meyer II* proved warranted as Meyer had failed to respond to Big Sky's Motion to

10

Dismiss in accordance with the deadlines imposed by the Federal Rules of Civil Procedure and the District of Montana's Local Rules. *Id*. at 2. The Court further concluded, that for all of the reasons stated in Big Sky's brief in support of its motion, Meyer had failed to state any plausible claims for relief. *Id*.

Big Sky contends that it would be futile for the Court to grant Meyer leave to supplement his complaint to add claims against Big Sky, Crowley Fleck, and McInotsh. (Doc. 55 at 20.) The Court possesses the discretion to deny a motion to amend a complaint once the opposing party has served and filed its responsive pleading. *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993) (citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Meyer asserts the same allegations in support of his negligent and intentional infliction of emotional distress claim in his proposed second amended complaint as he asserted in his negligent and intentional infliction of emotional distress claim in *Meyer II*. *See Meyer I* (Doc. 54-3 at 14); *Meyer II* (Doc. 6 at 6-7.) The Court already has ruled that Meyer had failed to state a plausible claim of negligent and intentional infliction of emotional distress. *See* (Doc. 14 at 2.) It would be futile for the Court to allow Meyer to amend his amended complaint in *Meyer I* to assert a claim for negligent and intentional infliction of emotional distress.

Meyer's abuse of process claim contained in his proposed second amended complaint in *Meyer I* expands upon Meyer's abuse of process claim that he alleged in his amended complaint in *Meyer II*. The Court possess the discretion to deny a party leave to amend "where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). The Court will assess whether Meyer's proposed abuse of process claim in *Meyer I* would be subject to dismissal.

Federal courts generally view "with disfavor" Rule 12(b)(6) dismissals. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.3d 208, 213 (9th Cir. 1957). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court "must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party" when evaluating a Rule 12(b)(6) motion. *Kwan v. Sanmedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quoting *Turner v. City & County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)). The complaint must allege sufficient facts to state a plausible claim for relief to survive a motion to dismiss. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

As the Court mentioned previously, Meyer stands as an attorney *pro se* litigant. The Court must construe liberally documents filed by *pro se* litigants. *Erickson*, 551 U.S. at 94 (citing *Estelle*, 429 U.S. at 106). "[A] *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings." *Estelle*, 429 U.S. at 106 (internal quotations omitted).

Meyer fails to allege facts sufficient to support a claim of abuse of process against Big Sky, McIntosh, and Crowley Fleck. "Essential to proof of abuse of process is (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Brault v. Smith*, 679 P.2d 236, 240 (Mont. 1984) (citation omitted).

An ulterior purpose constitutes "any improper motive underlying the issuance of legal process." *Hampton v. Nustar Mgt. Fin. Group*, 2007 WL 119146, at *2 (D. Nev. Jan. 10, 2007) (citation omitted). A party "maintaining a lawsuit for the ulterior purpose of continuing litigation as a lever to obtain a settlement is not an improper motive and would not demonstrate ulterior purpose other than resolution or settlement of the suit which is an acceptable use of the process." *Id*.

Meyer essentially alleges in his proposed abuse of process counterclaim that Big Sky, McIntosh, and Crowley Fleck filed an abuse of process counterclaim against Meyer as a means to settle with Meyer, or otherwise prevent Meyer from continuing to litigate his instant lawsuit. *See* (Doc. 54-3 at 11-14.) Meyer alleges that "McIntosh responded that [Big Sky] would settle the counterclaim if Meyer dropped his lawsuit and paid Defendant Big Sky Resort's attorneys fees and costs for the counterclaim." (Doc. 54-3 at 11.) Meyer similarly alleges that Big Sky's

"ulterior purpose in filing their abuse of process counterclaim was to get Meyer to drop his meritorious lawsuit and pay its attorney fees." *Id*. at 13.

Meyer further alleges that Big Sky's "abuse of process counterclaim is commonly referred to as a Strategic Lawsuit Against Public Participation ("SLAPP")." *Id*. Meyer then alleges the purposes of SLAPP suits. *Id*. Meyer ultimately alleges that Big Sky's decision to file an "abuse of process counterclaim, [a] motion for judgment on the pleadings of the counterclaim, and [a] motion to dismiss the lawsuit based on the abuse of process counterclaim perverted and were an abuse of the legal system." *Id*. at 14.

Meyer's proposed abuse of process counterclaim would be subject to dismissal if the Court allowed Meyer leave to supplement the proposed counterclaim to his amended complaint. Meyer's allegations fail to establish that the motives of Big Sky, McIntosh, and Crowley Fleck in continuing litigation as a means of obtaining a settlement proved improper. *See Hampton*, 2007 WL 119146, at *2. Meyer's allegations also failed to establish that Big Sky, McIntosh, and Crowley Fleck's aggressive litigation in this matter resulted in them using the "process not proper in the regular conduct of the proceeding." *Brault*, 679 P.2d at 240. Meyer's motion for leave to supplement his complaint with counterclaims of negligent and intentional infliction of emotional distress and abuse of process must

14

be denied. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted).

### III. Meyer's Motion for Leave to Alter Caption

Meyer seeks leave from the Court to alter the caption in the instant matter. (Doc. 54.) Namely, Meyer seeks to alter Defendant Dynafit North America's name to Salewa USA, LLC. *Id*. at 1. None of the named defendants oppose Meyer's request to alter the above caption. *Id*. at 2. The Court will grant Meyer's motion to alter.

### IV. Big Sky's Motion for Leave to File Supplemental Facts

Big Sky seeks leave to file supplemental facts in support of its opposition to Meyer's Motion for Leave to Amend. (Doc. 76.) Big Sky contends that it has discovered facts that support that Meyer has "filed, and continued to use, this lawsuit for improper purposes for which the legal system is not designed." *Id*. at 2-3. The Court has denied Meyer leave to supplement his amended complaint with counterclaims for abuse of process and negligent and intentional infliction of emotional distress. Big Sky's motion for leave proves moot insofar as it is related to that portion of Meyer's motion.

The Court has granted Meyer leave to amend his answer to Big Sky's abuse of process counterclaim. The Court granted Meyer's motion based on its reconsideration of its previous order that granted, in part, Big Sky's Motion for

Judgment on the Pleadings. To allow Big Sky to submit its proposed supplemental facts would prove improper to the extent that they relate to the Court allowing Meyer leave to amend his answer. "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue." *Hal Roach Studios, Inc.*, 896 F.2d at 1550 (citation omitted). Big Sky remains free to submit its supplemental facts in a motion for summary judgment pursuant to Rule 56 after Meyer has filed his amended answer to Big Sky's abuse of process counterclaim.

V. **Notice of Appearance of Co-Counsel**

The Court recommended in its November 27, 2018, Order that Meyer retain counsel to represent him in the instant matter. (Doc. 48 at 5.) Nadine O. Nadow filed a Notice of Appearance on behalf of, and as co-counsel to, Meyer on May 27, 2019. (Doc. 85.) Though the Court applauds Meyer for seeking co-counsel, the Court encourages Nadow, rather than Meyer, to submit future filings in the instant matter. As noted above, an attorney *pro se* litigant lacks the necessary objectivity to effectively litigate his claims. *See Kay*, 499 U.S. at 438. The Court hopes that Nadow acting as lead counsel in the instant matter will offer the instant litigation the objectivity that it desperately needs.

Accordingly, IT IS ORDERED:

1. Meyer's Motion for Leave to Amend (Doc. 54) is GRANTED IN PART and DENIED IN PART.

    a. The Court GRANTS Meyer leave to alter the caption to reflect that Defendant Dynafit North America is Defendant Salewa USA, LLC.

    b. The Court GRANTS Meyer leave to amend his answer to Big Sky's abuse of process counterclaim. Meyer shall file an amended answer to Big Sky's abuse of process counterclaim within 14 days of the date of this Order.

    c. The Court DENIES Meyer leave to supplement his amended complaint with counterclaims of abuse of process and negligent and intentional infliction of emotional distress against Big Sky, Crowley Fleck, and McIntosh.

2. Big Sky's Motion for Leave to File Notice of Supplemental Facts (Doc. 75) is DENIED.

DATED this 3rd day of July, 2019.

_____
Brian Morris
United States District Court Judge