Nadine Nadow
MT Bar # 58353967
601 Cheyenne St., #202
Golden, CO 80403
nnadow@gmail.com
(978) 501-7045

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER, ) | |
| ) | Case No. 2:18-CV-0002-BMM |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| BIG SKY RESORT; SALEWA ) | EXHIBIT 1 |
| NORTH AMERICA ) | |
| ) | |
| Defendants. ) | |



IAN MCINTOSH
P.O. BOX 10969
BOZEMAN, MT 59719-0969
TELEPHONE: (406) 556-1430
FACSIMILE: (406) 556-1433
IMCINTOSH@CROWLEYFLECK.COM

July 17, 2019

**VIA U.S. MAIL & E-MAIL**
Nadine O. Nadow
601 Cheyenne St., #2020
Golden, CO 80403
nnadow@gmail.com

John Meyer
P.O. Box 412
Bozeman, MT 59771
John@cottonwoodlaw.org

    Re: *Meyer v. Big Sky Resort*

Dear Nadine:

I am writing to you regarding the Amended Answer to Counterclaim, Affirmative Defenses, Counterclaim and Jury Demand (Doc. 92) ("Amended Answer and Counterclaim") that you filed on July 16, 2019.  The Amended Answer and Counterclaim, signed by you as "Co-Counsel for Plaintiff John Meyer," was filed in direct violation of the Court's July 3, 2019 Order (Doc. 89) ("Order"). The pleading violates Fed. R. Civ. P. 11(b) and is sanctionable under Fed. R. Civ. P. 11(c) and 28 U.S.C. § 1927.  If you do not withdraw the offending pleading by July 19, 2019, we will move for sanctions against you and Mr. Meyer pursuant to 28 U.S.C. § 1927 and, separately, in accordance with Fed. R. Civ. P. 11(c).

In its July 3, 2019 Order, the Court plainly and explicitly held:

> The Court DENIES Meyer leave to supplement his amended complaint with counterclaims of abuse of process and negligent and intentional infliction of emotional distress against Big Sky, Crowley Fleck, and McIntosh.

*Id.* at 17.  Despite this clear holding, you filed the Amended Answer and Counterclaim on Mr. Meyer's behalf alleging that "Big Sky Resort's abuse of process claim against Meyer is an abuse of process itself."  (Doc. 92 at 4.)

The allegations supporting Meyer's present counterclaim mirror those alleged in *Meyer v. Crowley Fleck PLLP and Big Sky Resort*, CV-18-53-BU-BMM ("*Meyer II*").  As the Court's Order reiterates, Meyer's abuse of process claim against Big Sky in *Meyer II* was dismissed with prejudice on November 27, 2018 because Meyer failed to respond to Big Sky's motion to

*Meyer v. Big Sky Resort*
July 17, 2019
Page 2

dismiss and because "Meyer had failed to state any plausible claims for relief." (Doc. 89 at 11.) In light of the Court's dismissal order in *Meyer II*, Meyer's *first* attempt to amend his pleading to allege the same claim against Big Sky that had been dismissed with prejudice in *Meyer II* was frivolous and improper.

In its recent Order denying Meyer leave to assert an abuse of process counterclaim against Big Sky, the Court reached the same conclusion once again. (Doc. 89 at 13-15.) In particular, the Court held that Big Sky's alleged effort to obtain a settlement of Meyer's claims "or otherwise prevent Meyer from continuing to litigate his instant lawsuit" by filing its abuse of process counterclaim, and Big Sky's alleged "aggressive litigation in this matter" is insufficient to show an abuse of process. *Id.* The Court thus held that Meyer's "proposed abuse of process counterclaim would be subject to dismissal if the Court allowed Meyer leave to supplement the proposed counterclaim to his amended complaint." *Id.* at 14. It accordingly denied Meyer's motion to supplement complaint with counterclaims. *Id.* at 14-15.

That you have filed the Amended Answer and Counterclaim alleging once again a meritless counterclaim against Big Sky for abuse of process defies the Court's July 3, 2019 Order, violates Fed. R. Civ. P. 11(b), and is sanctionable under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11(c). Please immediately withdraw the offending pleading before we are forced to move for sanctions against you and Mr. Meyer.

Sincerely,

CROWLEY FLECK PLLP


*/s/Ian McIntosh*
Ian McIntosh


cc: Brad Condra