Nadine Nadow
MT Bar # 58353967
601 Cheyenne St., #202
Golden, CO 80403
nnadow@gmail.com
(978) 501-7045

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| JOHN MEYER, | ) ) ) | Case No. 2:18-CV-0002-BMM |
| Plaintiff, | ) | |
| vs. | ) ) | |
| BIG SKY RESORT; SALEWA NORTH AMERICA | ) ) ) | EXHIBIT 2 |
| Defendants. | ) ) ) ) ) ) ) | |

Nadine Nadow<br>
601 Cheyenne St., #202<br>
Golden, CO 80403<br>
nnadow@gmail.com

July 18, 2019

**VIA EMAIL**
Ian McIntosh
Crowley Fleck Attorneys
P.O. Box 10969
Bozeman, MT 59719
imcintosh@crowleyfleck.com

Re: *Meyer v. Big Sky Resort*

Dear Ian,

    I am writing in response to your letter dated July 17, 2019 requesting that John Meyer and I withdraw the amended answer to Big Sky Resort's counterclaim.

    Meyer's abuse of process counterclaim filed against Big Sky Resort is proper. Your initial contention, that the amended answer "was filed in direct violation of the Court's July 3, 2019 Order (Doc. 89) ("Order")", is incorrect. The Order does not prohibit Meyer from filing an abuse of process counterclaim as part of his answer to Big Sky Resort's counterclaim against him. Even if Big Sky Resort moves to dismiss the counterclaim, the case law supports the notion that an abuse of process counterclaim is proper.

    Your main contention seems to be with the Court Order, which states, "Meyer similarly alleges that Big Sky Resort's 'ulterior purpose in filing their abuse of process counterclaim was to get Meyer to drop his meritorious lawsuit and pay its attorney fees.'" Order at 13-14 citing Doc. 54-3 at 13. The Order states that, "Meyer's allegations fail to establish that the motives of Big Sky Resort, McIntosh, and Crowley Fleck in continuing litigation as a means of obtaining a settlement proved improper." Order at 14 citing *Hampton v. Nustar Mgt. Fin. Group*, 2007 WL 119146 at *2 (D. Nev. Jan. 10, 2007).

    We believe that *Hampton* and the cases it relies upon support the filing of an abuse of process counterclaim. In *Hampton*, the party claiming abuse of process "merely allege[d] that the willful act was the lawsuit and the improper purpose was Hampton's failure to dismiss the proceedings despite his knowledge that his claims have no basis." *Id*. at *3. The *Hampton* court held that "maintaining a lawsuit for the ulterior purpose of continuing litigation as a lever to obtain a settlement is not an improper motive and would not demonstrate any ulterior purpose other than resolution or settlement of the suit which is an acceptable use of process." *Hampton*, 2007 WL at *2 (citing *Rashidi v. Albright*, 818 F. Supp. 1354, 1359 (D. Nev. 1993); *Dutt v. Kremp*, 844 P.2d 786 (Nev. 1992)).

  The facts of *Hampton* and the cases it relies upon support Meyer filing the abuse of process counterclaim. In this case, unlike the *Hampton* case, Meyer has alleged that Big Sky Resort did more than merely file an abuse of process counterclaim despite knowing the counterclaim has no basis. *Hampton*, 2007 WL at *2; *cf. Rashidi v. Albright*, 818 F. Supp. at *1359 (reaffirming that "the filing of a complaint alone cannot constitute the willful act necessary for abuse of process" and dismissing a claim after finding virtually no activity from the time the claim was filed until the time it was dismissed.) In *Dutt*, the Nevada Supreme Court distinguished between cases that are legitimately filed and those that are improperly filed for the ulterior purpose of coercing settlement. *Dutt v. Kemp*, 894 P.2d 354, 360 (Nev. 1995) (overruled on other grounds by *LaMantia v. Redisi*, 38 P. 3d 877, 880 (Nev. 2002). In *Rashidi*, the district of Nevada held that "abusive measures" such as "minimal settlement offers" or batteries of motions should be considered in determining whether the tort of abuse of process has been adequately alleged. 818 F. Supp. at 1359.

  The allegations supporting Meyer's counterclaim are grounded in existing law and will survive any Rule 11 sanctions you may request. Big Sky Resort filed the abuse of process counterclaim, acknowledged that Meyer had a meritorious lawsuit, and ignored controlling Montana precedent that states "pressing valid legal claims to their regular conclusion, even with an ulterior motive, does not by itself constitute abuse of process." *Brault v. Smith*, 209 Mont. 21, 29 (Mont. 1984). Big Sky Resort filed continuous motions to dismiss using several attorneys, withheld discovery relevant to a motion to dismiss, told Meyer if he did not want to be deposed immediately before his wedding he could just drop his case, offered to dismiss the case if Meyer paid $5,000 in attorney fees, and is now threatening sanctions if the compulsory counterclaim is not withdrawn. For the above reasons, it is likely we will survive sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11(c).

  Meyer previously offered to settle this case against Big Sky Resort, you, and Crowley for $10 million. Given the changed circumstances of the case we would like to reoffer the same agreement. Please convey the offer of settlement to your clients and its insurance carrier and respond to us by July 25, 2019.


Thank you for your attention,

/s/ *Nadine O. Nadow*
Nadine O. Nadow


cc: Brad Condra