# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JOHN MEYER, | **CV-18-02-BU-BMM** |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| BIG SKY RESORT and SALEWA USA LLC, | |
| Defendants. | |

## INTRODUCTION

Plaintiff John Meyer has attempted previously to bring a claim for abuse of process against Defendants Big Sky Resort and Salewa USA LLC (collectively "Defendants"). First, he filed a complaint alleging abuse of process and negligent and intentional infliction of emotion distress against Big Sky in *Meyer v. Crowley Fleck PLLP and Big Sky Resort*, CV-18-53-BU-BMM ("*Meyer II*"). This Court dismissed that claim on the basis that his complaint "fail[ed] to state any plausible claim for relief." (*Meyer II*, Doc. 14 at 2.)

Meyer next filed a motion in this case asking the Court for leave "to file an amended complaint that asserts abuse of process and emotional distress counterclaims" against Big Sky, Ian McIntosh, and Crowley Fleck. (Doc. 54-1 at

6-7.) The Court concluded that Meyer's proposed counterclaims "would be subject to dismissal if the Court allowed Meyer leave" to add those proposed counterclaims to his complaint. (Doc. 89 at 14.) Despite that Order, Meyer filed an Amended Answer in which he asserted a counterclaim for abuse of process against Big Sky. (Doc. 92 at 4-5.) This counterclaim for abuse of process mirrors the abuse of process claim this Court did not allow Meyer to add to his Amended Answer.

Big Sky now moves to strike this counterclaim or, in the alternative, dismiss the counterclaim. (Doc. 93 and 94.) Big Sky also asks for sanctions in the form of attorneys fees accrued in responding to the counterclaim that Big Sky seeks to strike or dismiss. (*Id.*) For the reasons stated below, and previously stated by this Court both in *Meyer II* and in the order denying Meyer the chance to include this counterclaim in his Amended Answer, the Court dismisses Meyer's counterclaim. For now, the Court declines to exercise its discretion to impose sanctions on any party.

## DISCUSSION

A motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6). Federal courts generally view "with disfavor" Rule 12(b)(6) dismissals. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.3d 208, 213 (9th Cir. 1957). A court should not dismiss a complaint unless it appears beyond doubt that plaintiffs can prove no facts sufficient to support a claim that

entitles plaintiffs to relief. *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995). The Court must assume at this stage that all allegations in plaintiffs' complaint are true and draw reasonable inferences in plaintiffs' favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

Meyer's latest iteration of his abuse of process claim fails to allege facts sufficient to support his claim. "Essential to proof of abuse of process is (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Brault v. Smith*, 679 P.2d 236, 240 (Mont. 1984). A party may plead an abuse of process claim by alleging that "a party uses process to coerce another to do some collateral thing [that he] could not be legally and regularly compelled to do." *Salminen v. Morrison & Frampton, PLLP*, 339 P.3d 602, 610 (Mont. 2014).

The collateral thing that a party seeks to coerce the other party to perform should not be "properly involved in the proceeding itself, such as the surrender of property or the payment of money, but the use of the process as a threat or a club." *Hughes v. Lynch*, 164 P.3d 913, 919 (Mont. 2007) (quoting Prosser, *The Law of Torts* § 121, at 857). The abuse of process tort involves the "misuse of legal process primarily to accomplish a purpose for which it was not designed, usually to compel the victim to yield on some matter not involved in the suit, or to harass litigation opponents by clearly wrongful conduct." Dan B. Dobbs et al., *Dobbs'*

*Law of Torts* § 594 (2d ed. June 2019 Update) (footnotes omitted). For example, in *Hopper v. Drysdale*, the Court determined that a party properly pled abuse of process when it claimed that a party attempted to take his deposition "for the ulterior motive of having him present in the jurisdiction of Gallatin County so that he could be arrested" on an unrelated contempt order. *Hopper*, 524 F. Supp. 1039, 1042 (D. Mont. 1981).

Here, by contrast, the alleged collateral advantage relates to the underlying action. Meyer's counterclaim states that "Big Sky Resort filed the counterclaim to compel Meyer to do some collateral thing that it could not otherwise legally and regularly compel Meyer to do—dismiss the lawsuit and pay damages and attorney fees for pursuing meritorious claims." (Doc. 9 at 4-5.) Meyer has failed to allege facts that satisfy the second element of an abuse of process claim. *Hopper*, 524 F. Supp. at 1042. Similarly, none of Meyer's allegations regarding settlement offers and discovery disputes rise to the level of harassment by clearly wrongful conduct.

The briefs filed in support and against this motion serve as a window into this litigation's overall acrimonious nature. Both sides accuse the other of actions worthy of sanctions from this Court. For now, this Court refrains from imposing sanctions against either side. That said, the Court again cautions Meyer and his co-counsel that they must follow this Court's orders. Meyer's arguments about the meaning of this Court's Order allowing Meyer to file an Amended Answer are

strained at best. This Court means what it says when it issues an order. And this Court's discretion to refrain from imposing sanctions can only stretch so far. All parties would be well-served to heed this warning.

## ORDER

Accordingly, **IT IS ORDERED** that Big Sky's motion to strike or dismiss Meyer's counterclaim (Doc. 93) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court denies Big Sky's motion to strike, but grants its motion to dismiss Meyer's abuse of process counterclaim. The Court also denies Big Sky's motions for sanctions.

**IT IS ORDERED** that Meyer's request for sanctions against Big Sky is **DENIED** under Local Rule 7.1(c)(4).

DATED this 17th day of September, 2019.


Brian Morris
United States District Court Judge