John Meyer, MT Bar No. 11206
P.O Box 412
Bozeman, MT 59771
(406) 546-0149 | Phone
John@cottonwoodlaw.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:18-CV-0002-BMM |
| vs. | ) |
| | ) EXHIBIT 1 |
| BIG SKY RESORT, | ) |
| | ) |
| Defendant. | ) |

● **Kelsey Bunkers** 📎      July 18, 2018 at 5:10 PM   KB
RE: Meyer v. Big Sky - Discovery      Details
To: John Meyer,  Cc: Ian McIntosh

John –

Thanks for the extension.

We are not going to wait for 3 months (mid-October) to take your deposition.  Please provide us some dates you are available in late July and August for a deposition or we will be forced to unilaterally pick a date and set the deposition.  If you do not want to be deposed in this matter, you can simply dismiss the lawsuit.  This is not an abuse of process lawsuit.  You chose to file the lawsuit and the abuse of process claim was only asserted as a counterclaim to the allegations you made.

Thanks, Kelsey

**KELSEY E. BUNKERS**
1915 SOUTH 19th AVENUE
P.O. Box 10969
BOZEMAN, MT 59719
kbunkers@crowleyfleck.com
VOICE 406.522.4524 FAX 406.556.1433
www.crowleyfleck.com



1

John:

Your settlement offer is rejected.  Big Sky will, however, agree to dismiss its claims against you if you will in return dismiss all your claims against Big Sky, in both lawsuits.  In other words, an agreement for both parties to walk away without any money being exchanged, each side to bear its own costs and attorney's fees .

If you will not accept this offer,  Big Sky does not intend to continue to discuss settlement with you.

Please let me know if you accept Big Sky's offer.

Ian McIntosh
Crowley Fleck PLLP
1915 S. 19th Ave
Bozeman, MT 59718

Direct Line: (406)522-4521
imcintosh@crowleyfleck.com

NOTICE: This electronic mail transmission may constitute an Attorney-Client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling Crowley Fleck PLLP, 406-252-3441, so that our address record can be corrected.

This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit
http://www.mimecast.com

**From:** John Meyer <john@cottonwoodlaw.org>
**Sent:** Wednesday, August 15, 2018 3:56 PM
**To:** Ian McIntosh <imcintosh@crowleyfleck.com>
**Cc:** Mac Morris <wmorris@crowleyfleck.com>; Kelsey Bunkers <kbunkers@crowleyfleck.com>
**Subject:** Re: Meyer v. Big Sky--Motion to Dismiss

This message was received from an external email account. Please use caution when opening messages, attachments, or links from unknown senders.

Counsel:

I have attached a settlement offer.

Thank you for considering.

2

**Ian McIntosh** 
RE: Meyer v. Big Sky Resort
To: John Meyer,   Mac Morris

December 4, 2018 at 11:00 AM

New contact info found in this email: Ian McIntosh imcintosh@crowleyfleck.com     add...

John –

Thank you for your settlement offer.  Your offer, however, fails to consider the facts, the law, and the Court's recent order.  Your negligence claim against Big Sky is barred by MCA 23-2-736.  And, as set forth in the Court's recent order, you committed the tort of abuse of process.  The jury will be instructed that you abused the legal system as a matter of law, and the only question for the jury to determine will be the amount of damages that you owe Big Sky due to your abuse of process.  Thus, your request that Big Sky pay you $10 million (or any amount) is hereby rejected.

Big Sky Resort will agree to dismiss its claims against you on the following conditions: (1) John Meyer pays Big Sky Resort $5,000; (2) John Meyer dismisses all of his claims against Big Sky Resort with prejudice with each party to bear its own costs and fees; and (3) John Meyer will not enter Big Sky Resort property at any point in the future.

Please let us know if you will cut your losses and accept this offer.  Continuing to pursue this litigation will only increase the amount of the judgment against you for your abuse of process.

Ian McIntosh
Crowley Fleck PLLP
1915 S. 19th Ave
Bozeman, MT 59718

Direct Line: (406)522-4521
imcintosh@crowleyfleck.com

NOTICE: This electronic mail transmission may constitute an Attorney-Client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling Crowley Fleck PLLP, 406-252-3441, so that our address record can be corrected.

This email has been scanned for email related threats and delivered safely by Mimecast. For more information please visit http://www.mimecast.com

**From:** John Meyer <john@cottonwoodlaw.org>
**Sent:** Monday, December 3, 2018 7:13 PM
**To:** Ian McIntosh <imcintosh@crowleyfleck.com>; Mac Morris <wmorris@crowleyfleck.com>
**Subject:** Meyer v. Big Sky Resort

This message was received from an external email account. Please use caution when opening messages, attachments, or links from unknown senders.

Counsel,

I hope this finds you well.

I have attached a proposed settlement offer.

3

☆ **Ian McIntosh**        November 13, 2019 at 4:38 PM    IM

RE: Meyer v. Big Sky

To: John Meyer,    Mac Morris

📇 New contact info found in this email: Ian McIntosh imcintosh@crowleyfleck.com     add… ⊗

John –

Now that Nadine is out of the case, I will respond to your email.

As to settlement, when you say liability is reasonably clear, we presume you mean in Big Sky's favor, and we agree. Please take this into consideration when making your settlement offer. We will convey your offer to our client and respond.

As to your request for a conference with the court so the court can appoint counsel for you, we oppose that request because this is not a criminal case and you are not therefore entitled to have counsel.

Regarding Ms. Dixon: Please delete, destroy, or return all privileged information she provided to you as required by Rule 26 (b)(5)(B) and the Rules of Professional Conduct. Rule 26 is mandatory. Please comply with the Rule, or let us know if you will not.

Finally, please provide us with a date to depose Ms. Dixon. Or several dates that we can choose from. If we do not receive dates to depose Ms. Dixon by the end of the week, we will unilaterally choose a date and have her served with a subpoena. Hopefully that will not be necessary.

Ian McIntosh
Crowley Fleck PLLP
1915 S. 19th Ave
Bozeman, MT 59718

Direct Line: (406)522-4521
imcintosh@crowleyfleck.com

☆ **John Meyer**  📎                                             November 15, 2019 at 4:53 PM
Re: Meyer v. Big Sky
To: Ian McIntosh,   Mac Morris,   Kelsey Bunkers

Hi Ian, Mac, and Kelsey,

I hope this finds you well and excited for the weekend.

Unfortunately, I am unable to retain counsel because of the counterclaim you brought against me. I made that clear during my deposition. As such, I will be forced to move to squash any deposition until I have retained counsel. It looks like there will be plenty of time for the deposition given the court's schedule.

Can you tell me what information in Evi's affidavit you think is privileged and should be destroyed? In addition, can you please
provide me with case citations from the District of Montana or the Ninth Circuit that hold a former employee cannot expose its employer and attorney for negligence and malicious prosecution?

I have attached a settlement offer.

Have a great weekend.


11-15-19
Settle...ffer.pdf

John Meyer
P.O. Box 412 Bozeman, MT 59771
(406) 546-0149 | John@cottonwoodlaw.org

To: Ian McIntosh, Mac Morris
Date: 11/15/19
Re: *Meyer v. Big Sky* (2:18-cv-0002-BMM)

Counsel:

I am writing in an effort to settle the above-referenced case.

On December 11, 2015, Plaintiff John Meyer suffered a life-threatening injury while skiing at Big Sky Resort. Meyer was life-flighted to Billings Clinic where he spent more than one week in

a coma, broke several ribs, and had plates installed in his arm and shoulder. After the accident, I received an email from a volunteer ski patroller stating Big Sky runs out of signs to mark dangerous areas.

Meyer sought in good faith to resolve this dispute before filing suit by meeting with Taylor Middleton, general manager of Big Sky Resort, and offering to forego litigation if Big Sky Resort provided its seasonal employees with healthcare. Ian McIntosh, attorney for Big Sky Resort, was invited to join the conversations, but did not attend the meetings or oppose Middleton and I meeting. After our second meeting, Middleton informed me that Big Sky Resort would not provide health care for its seasonal employees.

In response to my lawsuit, Big Sky Resort filed a counterclaim against me alleging I abused the legal process. Kelsey Bunkers and Ian McIntosh, attorneys for Big Sky Resort, sought to depose me immediately before and after my wedding. Ms. Bunkers told me if I did not want to be deposed I could just drop my lawsuit.

Mr. McIntosh and Big Sky Resort sought to have this lawsuit dismissed because I spoke with the media about the lawsuit, while Big Sky Resort itself withheld its communications with the media until a Motion to Compel was filed.

McIntosh and Big Sky Resort offered to dismiss their counterclaim against me if the original lawsuit was dropped and I paid Big Sky's attorney fees.

Evi Dixon, the former Accident Investigation Supervisor at Big Sky Resort, has filed an affidavit stating the terrain where Meyer wrecked should have been marked the day of Meyer's accident.

In addition to the physical injuries, I lost my full-time position with benefits as a staff attorney with WildEarth Guardians in Missoula, Montana. There were no complaints about me before the accident. I returned to my position with Cottonwood Environmental Law Center after losing my job with WildEarth Guardians. Cottonwood lost nearly all of its foundational support after I resumed working for the organization full time. Cottonwood lost its full-time staff attorney, in addition to one full-time contract employee.

I was diagnosed with post-traumatic stress disorder after the accident, my credit score has been ruined because of unpaid medical bills, and my fiancée, now wife, was forced to quit her job at Explore Big Sky because of the accident. At one point, I was considering suicide because if I lost this case I would be forced to file for bankruptcy. I have incurred over $250,000 in medical expenses.

Evi Dixon, the supervisor of Big Sky's Accident Investigation team at the time of my accident, has submitted an affidavit stating the dangerous transition where I was injured should have been marked.

A Montana jury previously awarded a plaintiff approximately $10 million for legal behavior similar to that exhibited by Big Sky's counsel in this case. *See Seltzer v. Morton*, 336 Mont. 225 (Mont. 2007). Given my significant mental and physical damages, in addition to the mental

distress that I experienced as a result of Big Sky counsel's malicious litigation tactics, it is reasonable to expect a jury to award me at least $50 million in damages.

For the sake of promptly concluding this case, I am willing to settle this case for $25 Million in addition to lifetime ski passes for my wife, two sons, and I.

Thank you for considering my generous offer.

Kind regards,

/s/John Meyer
JOHN MEYER

Enclosure: Dixon Affidavit

**Ian McIntosh**             November 16, 2019 at 10:23 AM

RE: Meyer v. Big Sky

To: John Meyer,    Mac Morris,    Kelsey Bunkers

New contact info found in this email: Ian McIntosh imcintosh@crowleyfleck.com    add…

John –

Thanks for your email and settlement offer. I will provide your "generous offer" to settle for $25 million to my client and insurer. Would you prefer a check or wire transfer?

Just in case Big Sky does not accept your offer, we intend to proceed with Evi Dixon's deposition. Since you refuse to provide us with a date to depose her, we will have her served with a subpoena. We will schedule the deposition for approximately 30 days out so you have plenty of time to obtain new counsel. Given how great your case is, I'm sure you will have new counsel on board quickly.

Finally, Ms. Dixon's affidavit includes descriptions of legal advice I provided to Big Sky. That information is privileged and you have a duty pursuant to the Rules of Professional Conduct and the Rules of Civil Procedure to destroy the privileged information and all notes and documents you have which contain privileged information. As an attorney, it was improper for you to obtain that information and it was even more inappropriate for you to include it in an affidavit. Please redact the privileged information from Ms. Dixon's affidavit, destroy all notes you have about the privileged information, and confirm that you have done so and that you will not attempt to rely on privileged information that was provided to you by a lay person.

I will get back to you with a response to you settlement offer.

Ian McIntosh
Crowley Fleck PLLP
1915 S. 19th Ave
Bozeman, MT 59718

Direct Line: (406)522-4521
imcintosh@crowleyfleck.com

John –

To my great surprise, Big Sky rejected your "generous offer" to settle for $25 million. Big Sky has, however, authorized me to extend a settlement offer to you. Big Sky's offer is this: If you pay Big Sky $55,000, Big Sky will agree to a mutual release of all claims. Please let me know if you will accept this offer.

As to Ms. Dixon's deposition, we intend to serve her with a subpoena to take her deposition in mid-December since you will not provide us with a date to depose her. That will give you a month to find new counsel, or file a motion to "squash."

Thanks.

Ian McIntosh
Crowley Fleck PLLP
1915 S. 19th Ave
Bozeman, MT 59718

Direct Line: (406)522-4521
imcintosh@crowleyfleck.com