IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BIG SKY RESORT,<br><br>　　　　Defendant. | CV 18-2-BU-BMM<br><br><br><br>**CONSOLIDATED ORDER** |

## **INTRODUCTION**

The Court addresses a series of motions filed by the parties as part of this slow-motion car wreck to which this litigation has devolved. Plaintiff John Meyer ("Meyer") first seeks reconsideration of the portion of this Court's earlier order that granted Defendant Big Sky Resort's motion to strike Meyer's abuse of process counterclaim. (Doc. 116.) Meyer also has filed a motion for a protective order. (Doc. 120.) Defendant Big Sky Resort ("Big Sky") has filed a motion for leave to file a response, if necessary, to Meyer's motion for reconsideration. (Doc. 118.) Big Sky has filed a separate motion that seeks both to compel Meyer to comply with Federal Rule of Civil Procedure 26(b)(5)(B), and to receive a protective order. (Doc. 122.) The Court determines that none of the filed motions warrant a hearing.

1

# DISCUSSION

### Meyer's Motion for Reconsideration (Doc. 116)

Meyer asks the Court to reconsider its decision to strike Meyer's abuse of process counterclaim pursuant to Fed. R. Civ. P. 60. Rule 60(b) allows a court to relieve a party from an order for a variety of reasons. Meyer fails to specify the provision in Rule 60(b) upon which he relies in seeking reconsideration.

Meyer originally filed a complaint in a related action in which he alleged abuse of process and negligent infliction of emotional distress against Big Sky. *See Meyer v. Crowley Fleck PLLP and Big Sky Resort*, CV-18-53-BU-BMM. The Court dismissed Meyer's claim on the basis that his complaint "fail[ed] to state any plausible claim for relief." (Doc. 14 at 2.) Meyer then filed a motion in this case asking the Court for leave "to file an amended complaint that asserts abuse of process and emotional distress counterclaims" against Big Sky, Ian McIntosh, and Crowley Fleck. (Doc. 54-1 at 6-7.)

The Court concluded that Meyer's proposed counterclaims "would be subject to dismissal if the Court allowed Meyer leave" to add these proposed counterclaims to his complaint. (Doc. 89 at 14.) Meyer nevertheless filed an Amended Answer in which he asserted a counterclaim for abuse of process against Big Sky. (Doc. 92 at 4-5.) Meyer's counterclaim for abuse of process mirrored the

abuse of process claim that the Court refused to allow Meyer to add to his Amended Answer. The Court dismissed Meyer's counterclaim. (Doc. 104 at 2-6.)

Meyer seems to suggest that his inability to obtain counsel to represent him warrants reinstatement of his abuse of process counterclaim. (Doc. 117 at 6.) Neither this fact, nor any of the other reasons that Meyer sets forth in his brief justify the reinstatement of a claim that lacks merit. The Court denies Meyer's motion for reconsideration, and, in turn, denies as moot Big Sky's motion for leave to file a response.

## Meyer's Motion for Protective Order (Doc. 120)

Meyer next asks the Court for a protective order that would appoint counsel to represent him and that would force the parties to reschedule two depositions. (Doc. 121 at 2.) Meyer suggests that L. Rule 86.3(b)(1) provides a vehicle for the appointment of counsel for him in a civil case. *Id.* The Court assumes that Meyer means Local Rule 83.6. Local Rule 83.6(a) establishes a civil pro bono panel. This panel represents the Court's belated effort to address persistent access to justice issues in civil cases in the District of Montana. The program invites lawyers in the District of Montana to volunteer to accept appointments on a pro bono basis for indigent and low-income litigants who otherwise would lack access to counsel in civil cases.

To date, 15 lawyers in the District of Montana have stepped forward to volunteer to accept pro bono appointments. This panel represents the Court's sole resource for identifying those members of the bar who are willing to make pro bono contributions to the District of Montana. *Id.* The rule further provides that the names of the panel members "may not be publicly disclosed or disseminated." *Id.* The Court's review of the panel reveals that a single lawyer has indicated relevant experience or background in personal injury cases.

The Court declines to appoint counsel for Meyer in this matter. The Court instead will provide Meyer with the name and contact information of the lawyer on the District of Montana's pro bono panel who has expressed an interest and experience in personal injury cases. Meyer remains free to enter any kind of fee agreement that he and counsel negotiate, consistent with the Rules of Professional Conduct, including pro bono, through hourly, through contingency fee. As the names of the panel members may not be disclosed or disseminated publicly, the Court will issue a separate order, under seal and available only to the parties, with the name and contact information for the lawyer on the pro bono panel who has expressed interest in pro bono appointments.

Meyer has indicated that the looming presence of Big Sky's abuse of process counterclaim has hindered his ability to retain counsel. The Court will consider allowing Meyer to enter into a limited appearance representation agreement with

counsel that would allow counsel to represent Meyer in the pending personal injury claim against Big Sky. Meyer could then retain separate counsel to represent him in defending against Big Sky's abuse of process counterclaim, or represent himself against the counterclaim. As the Court has expressed on numerous occasions, Meyer would be well-served to obtain counsel for all of these matters as he has indicated repeatedly an inability to comply with the Rule of Professional Conduct and the Federal Rules of Civil Procedure in representing himself in these matters.

The Court previously declined to bifurcate Big Sky's counterclaim into a separate trial under Federal Rule of Civil Procedure 42(b) to avoid unnecessary delay and expenses to the parties. (Doc. 48 at 7-8); *see Bloxham v. Mountain West Farm Bureau Mutual Ins. Co.*, 43 F. Supp. 2d 1121, 1130 (D. Mont. 1999). The Court instead anticipates that the jury first would hear the evidence related to Meyer's negligence claims against Big Sky and render a verdict on those claims. The Court would then call upon the same jury to hear evidence related to Big Sky's abuse of process counterclaim against Meyer.

The Court would employ the jury for seriatim trials in a fashion similar to the process employed for bad faith insurance claims. *See Malta Pub. Sch. Dist. A & 14 v. Montana Seventeenth Judicial Dist. Court, Phillips Cty.*, 938 P.2d 1335, 1339 (Mont. 1997); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (declining to bifurcate into separate trials issue of

5

contract damages from issue of punitive damages). The Court again deems it appropriate under its inherent authority to hold in abeyance the issue of Meyer's potential liability to Big Sky on its abuse of process counterclaim, until after the same jury resolves Meyer's negligence claims against Big Sky.

In light of the above discussion, the Court deems it appropriate to grant Meyer's request for a protective order relating to the timing of outstanding depositions. The Court directs that any pending depositions in this matter will be stayed for 30 days to allow for Meyer to explore efforts to obtain counsel. This limited delay should not affect the scheduling order as discovery does not close until February 7, 2020. (Doc. 91) The Court will entertain motions to extend discovery deadlines if this order results in the inability of the parties to complete discovery in a timely manner.

### Compliance with Fed. R. Civ. P. 26(b)(5)(B) (Doc. 122)

Big Sky seeks to compel Meyer to comply with Fed. R. Civ. P. 26(b)(5)(B) and for a protective order that would direct the Clerk of Court to redact portion of the Affidavit of Evi Dixon (Doc. 117-4) that it claims are subject to a claim of attorney-client privilege. (Doc. 123.) Big Sky further seeks to force Meyer to pay its reasonable expenses in making its motion. *Id.*

As the e-mail exchange attached to Big Sky's brief demonstrate, counsel for Big Sky attempted to stop Meyer from disclosing the potential attorney-client

6

protected information. (Doc. 123-3). This same e-mail exchange shows that Meyer refused to heed Big Sky's request. *Id.* The Court makes no decision yet on the discoverability or admissibility of the contested information. But Meyer had an obligation under Rule 26(b)(5)(B) to withdraw or seal the disputed information upon objection from Big Sky until Meyer presented the information under seal to the Court for a determination. Fed. R. Civ. P. 26(b)(5)(B). Meyer failed to withdraw or seal the information or seek a determination from the Court. Meyer instead simply ploughed ahead based upon *his* apparent determination that the attorney-client privilege did not protect disclosure of the information. The Clerk of Court will seal Doc. 117-4.

    Big Sky argues that Rule 26(b)(5)(B) and Rule 37(a)(5), require the Court to order the party whose conduct necessitated the filing of a motion to compel or for protective order to pay the prevailing party's reasonable attorneys' fees and expenses incurred in making the motion, unless an exception is shown. (Doc. 123) The Court agrees – to an extent. The game of chicken that Meyer seems to believe that this litigation involves must end.

    The Court declines to award to award expenses to Big Sky as the circumstances here would make an award of expenses unjust. Fed. Rul. Civ. P. 37(a)(5). The Court instead directs Meyer to pay $100.00 as a sanction for his breach of the rules. Meyer shall deposit the funds with the Clerk of Court by

December 13, 2019. Meyer should interpret this sanction as the Court's final warning that it will tolerate no further breaches of the Rules of Professional Conduct and the rules of procedure – by any party. In a final effort to avoid further problems with this litigation, the Court deems it appropriate to limit the ability of all parties to file any pleadings for the remainder of this litigation without first having obtained leave of the Court.

## ORDER

Accordingly**, IT IS ORDERED** that Meyer's Motion for Reconsideration (Doc. 116) is **DENIED**, and Big Sky Motion for Leave to File a Response (Doc. 118) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Meyer's Motion for a Protective Order (Doc. 120) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that Big Sky's Motion to Compel Meyer to Comply with Fed. R. Civ. P. 26(b)(5)(B) and Motion for Protective Order (Doc. 122.) are **GRANTED**, in part, and **DENIED**, in part. The Court directs the Clerk of Court to seal Doc. 117-4.

Finally, the Court directs the Clerk of Court to accept no further filings in this matter without the party first having obtained leave of the Court.

DATED this 6th day of December, 2019.

8

_____
Brian Morris
United States District Court Judge