IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>BIG SKY RESORT,<br><br>Defendant. | CV 18-2-BU-BMM<br><br><br>CONSOLIDATED ORDER |

# INTRODUCTION

The Court previously directed the Clerk of Court to accept no further filings in this matter without the party first having obtained leave of Court. (Doc. 124 at 8.) Not surprisingly the parties responded immediately by attempting to file new motions. Defendant Big Sky Resort filed a Motion for Leave to File Motion for Reconsideration of the Court's limitation on filings. (Doc. 126.) Not to be outdone, Plaintiff John Meyer ("Meyer") filed a Motion for Leave to File a Motion for Summary Judgment. (Doc. 128.) The Court determines that it would be appropriate to resolve these two motions without the benefit of a hearing.

1

**Big Sky's Motion for Reconsideration (Doc. 124)**

Big Sky asks the Court to reconsider its decision to limits its ability to file further pleadings without leave of court. Meyer opposes the motion. (Doc. 129.) Big Sky relies mainly on a series of decisions in which courts have addressed pre-filing restrictions placed upon vexatious litigants. (*See, e.g.*, Doc. 127 at 2-4 (discussing *Ringgold-Lockhart v. City of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014); *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) (pre-filing review of any complaints that party might file in the future); *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) (vacating pre-filing order); and *Cromer v. Kraft Foods, N.A., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004) (reviewing pre-filing injunction)).).

These cases generally involve a situation in which a court imposed a pre-filing restriction on what it deemed to be a vexatious litigant. For example, the plaintiff in *Ringgold-Lockhart*, an attorney, had served as a trustee of a family trust. *Ringgold-Lockhart*, 761 F.3d at 1060. The probate court later removed Ringgold as trustee for reasons not entirely clear. *Id.* Ringgold unsuccessfully challenged the removal in state court. *Id.* Ringgold filed another unsuccessful challenge to her removal in federal court. After the dismissal, the district court declared Ringgold to be a vexatious litigant and imposed a pre-filing condition. *Id.* at 1061. The district court ordered that Ringgold would "need permission" before

"*filing any action*" that related to the family trust or its administration. *Id.* (emphasis added).

The Ninth Circuit vacated and remanded. The Ninth Circuit recognized that "[p]rofligate use of pre-filing orders" could infringe on a party's fundamental right of access to the courts. *Id.*, at 1062. The Ninth Circuit cautioned that pre-filing orders "should rarely be filed" and only after a court had complied with procedural and substantive requirements. *Id.* The Ninth Circuit's analysis focused on the district court's pre-filing condition as it related to the filing of any new actions, not new motions. The Ninth Circuit acknowledged that a district court possesses "alternative remedies . . . to control a litigant's behavior in individual cases." *Id.* at 1065. *See Moy*, 906 F.2d at 469 (noting that pre-filing order prevented party from filing "any further *complaints*" without review of the court); *De Long*, 912 F.2d at 1146 (vacating pre-filing vexatious litigant order that prevented party from filing "any further *action* or papers" without leave of court).

Nothing in the Court's order limits the ability of Big Sky or Meyer to "fil[e] any action" in federal court. Either party remains free to pursue a remedy for any perceived wrong committed against it in any other action. The parties retain access to the courts. Absent an order preventing parties from filing new actions, the concerns that give rise to the need for notice and record building before issuing a pre-filing order prove significantly diminished.

3

The Court is in the process of resolving Meyer's negligence claim against Big Sky and Big Sky's abuse of process counterclaim against Meyer. The Ninth Circuit has recognized the "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998) (alteration in original) (internal quotation marks omitted). The Court acted pursuant to this inherent authority when it limited the ability of the parties to file further pleadings without leave of court.

This authority includes the "exercise [of] substantial discretion over what happens inside the courtroom." *United States v. Simpson*, 927 F.2d 1088, 1091 (9th Cir.1991). The Ninth Circuit has accepted that "'[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'" *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir.2004) (*per curiam*) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir.2001)).

The Court has chosen to exercise its inherent authority to control its docket in this case to stem the flow of repetitive, vindictive, and meritless filings by the parties. The Court recognizes the potency of this power and does not take this step lightly. The Court has not prevented the parties from filing all motions. The Court has not prevented the parties from pursuing all available remedies. The Court has exercised its inherent power with "restraint and discretion" when it simply has

required the parties to obtain leave of court before the filing of any new motions, briefs, or other documents. *Chambers v. NASCO*, 501 U.S. 32, 43 (1991). The Court imposes this limitation to allow it to "achieve the orderly and expeditious disposition" of this dispute. *Id.*

**Meyer's Motion for Leave to File Motion for Summary Judgment (Doc. 128)**

Meyer asks the Court for leave to file a motion for summary judgment on Big Sky's abuse of process counterclaim. Big Sky filed its abuse of process counterclaim against Meyer on March 30, 2018. (Doc. 5.) Meyer filed his original answer on April 18, 2018. (Doc. 6.) Meyer's original answer failed to respond to those portions of Big Sky's counterclaim that alleged the elements of its abuse of process claim. (*Id.* at 4-5.) As a result, the Court granted Big Sky's motion for judgment on the pleadings. (Doc. 48)

In light of Meyer's *pro se* status, the Court granted Meyer's motion to amend his answer to Big Sky's abuse of process counterclaim. (Doc. 89 at 3-10.) The Court also expressly rejected Meyer's request to supplement his complaint with counterclaims of his own against Big Sky. (*Id.* at 11-15.) Meyer nevertheless responded by filing his own abuse of process counterclaim against Big Sky. (Doc. 92 at 4-5.) Big Sky moved to dismiss Meyer's counterclaim and the Court granted the motion. (Doc. 104.) The Court more recently denied Meyer's motion for reconsideration of this order. (Doc. 124.)

Meyer now seeks leave of Court to file a motion for summary judgment on Big Sky's abuse of process counterclaim. The Court previously denied Big Sky's motion for summary judgment on Meyer's negligence claim. (Doc. 124.) The deadlines to amend the pleadings or add parties without leave of court have long passed. Discovery closes on February 7, 2020. (Doc. 90 at 2.) The parties have until April 10, 2020, to seek leave of court to file any motions in limine, or other motions not previously filed, the basis of which may have arisen during the discovery process. (*Id.*) The case remains set for trial on July 13, 2020. (Doc. 90.) The parties will have the opportunity for a full and fair airing of these disputes before a jury of their peers at that time.

## ORDER

Accordingly**, IT IS ORDERED** that Big Sky's Motion for Reconsideration (Doc. 126) is **DENIED**.

**IT IS FURTHER ORDERED** that Meyer's Motion for Leave to File a Motion for Summary Judgment (Doc. 128) is **DENIED**.

DATED this 20th day of December, 2019.

_____
Brian Morris
United States District Court Judge