Ian McIntosh
Mac Morris
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
Facsimile: (406) 556-1433
*Attorneys for Big Sky Resort*

Breean Walas
Walas Law Firm
P.O. Box 4591
Bozeman, MT 59772
Telephone: (501) 246-1067
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER,<br><br>Plaintiff,<br><br>vs.<br><br>BIG SKY RESORT,<br><br>Defendants. | CV-18-2-BU-BMM<br><br>**SECOND SET OF JOINT MOTIONS IN LIMINE** |

Plaintiff John Meyer ("Meyer"), by and through his counsel, and Defendant Big Sky Resort ("Big Sky"), by and through its counsel, move the Court for an order *in limine* to exclude from the first phase of trial all reference to, evidence of, or argument concerning the following:

1.      Big Sky's benefits package for seasonal employees;

2.      Meyer's alleged intention to use any settlement proceeds or jury award for the purchase of health care or a pay raise for Big Sky ski patrollers or other seasonal employees;

3.      Meyer's meetings with Taylor Middleton;

4.      Evi Dixon and Meyer being banned from Big Sky;

5.      Meyer's alleged motivation for filing suit, including but not limited to statements that Meyer is attempting to "leverage" Big Sky and is "holding back" the real reason for filing this lawsuit;

6.      Big Sky's investments in infrastructure, including but not limited to ski lift upgrades;

7.      Allegedly poor working conditions for Big Sky ski patrol, including but not limited to an alleged lack of heat in ski patrol shacks;

8.      Alleged discovery abuses by Big Sky or its counsel, including but not limited to alleged withholding of documents or other information in discovery;

9.      Statements, questions, or other suggestions that a verdict for Meyer would cause higher insurance rates or raise the cost of healthcare for members of the community;

10.     Statements or representations, direct or indirect, that Big Sky would pay a "just" claim;

11.    The date, time, manner, or reasons that Meyer contacted attorney(s) to represent him in this matter;

12.    Meyer's lawsuit against United Healthcare and the Billings Clinic;

13.    Amanda Eggert's lawsuit, including that she is the defendant in a lawsuit arising from a May 2015 motor vehicle accident;

14.    Any and all correspondence between Plaintiff's Counsel and Defense Counsel and/or the substance of such correspondence;

15.    Suggestions or statements that a verdict for Plaintiff would be similar to winning the lottery, jackpot justice, or other references to a game of chance, or a windfall;

16.     Evidence or argument that Meyer had or has health insurance that paid his medical bills;

17.    Any reference or statement the parties' dispute is "not really that big of a deal" or that it "should have been resolved without involving a jury"; and

18.    Reference to, or the reading of, affidavits provided in this case, when that affidavit was made by someone other than the testifying witness, except to the extent such evidence may be appropriate for impeachment of an expert witness.

The parties agree that all reference to, evidence of, or argument concerning these categories of evidence should be excluded from the first phase of trial in this matter in accordance with the Federal Rules of Evidence ("Rules"), including

Rules 402, 403, and 602. *See also* Doc. 48 at 7-8; Doc. 124 at 5-6 (providing for seriatim trials). The parties further agree that if during trial either party believes that the opposing party has opened the door to any of the above categories of evidence, including for impeachment purposes, the party will request a bench conference to address the issue with the Court before referring to or introducing any excluded evidence.

An appropriate order *in limine* will "ensure evenhanded and expeditious management" of the upcoming trial. *See McDonald v. Townsquare Media, LLC*, 2014 WL 12600456 (D.Mont. March 11, 2014). Accordingly, the parties jointly move the Court to enter an appropriate order *in limine* consistent with this motion.

For the Court's convenience, a proposed order is filed herewith.

DATED this 27th day of March, 2020.

CROWLEY FLECK PLLP

By /s/ Ian McIntosh
   Ian McIntosh

*Attorneys for Big Sky Resort*

WALAS LAW FIRM

By /s/ Breean Walas
   Breean Walas

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record by the means designated below this 27th day of March, 2020.

[ ]  U.S. Mail                          Breean Walas
[ ]  Hand Delivery                Walas Law Firm
[ ]  Facsimile                        P.O. Box 4591
[ ]  FedEx                            Bozeman, MT 59772
[x]  ECF                              *Counsel for Plaintiff*


/s/ Ian McIntosh
Ian McIntosh