## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

|  |  |
|---|---|
| JOHN MEYER,<br><br>    Plaintiff,<br><br>  vs.<br><br>BIG SKY RESORT,<br><br>    Defendant. | **CV 18-2-BU-BMM**<br><br><br><br>**CONSOLIDATED ORDER** |

### INTRODUCTION

These parties, as they often do, filed a number of motions. The Court heard argument for these motions (Docs 142, 145, 148, 151, 153, 154, 155) on May 6, 2020. Since that hearing, another motion (Doc. 178) has become ripe. This Order resolves Big Sky's Second Motion for Summary Judgment (Doc. 142), John Meyer's Motion for Summary Judgment – Abuse of Process Counterclaim (Doc. 145), and Big Sky's Motion for Summary Judgment on Punitive Damages (Doc. 148).

### Big Sky's Second Motion for Summary Judgment

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the

1

documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment. Factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248. In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The "mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252.

A court must recognize, however, that the evidence presented by the non-moving party must be "believed" at the summary judgment phase and "all justifiable inferences are to be drawn in his favor." *Id.* at 255. Meyer, as the non-moving party seeking to survive summary judgment, "need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257.

The Court applies Montana substantive law in diversity cases, like this one. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). Montana statutory law imposes a "duty of reasonable care owed by a ski area operator to a skier." Mont. Code Ann. § 23-2-733(1). This statute subjects ski area operators to liability for "their own negligent or intentional acts." *Kopeikin v. Moonlight Basin Mgmt.*, 90 F. Supp. 3d 1103, 1107 (D. Mont. 2015).

At the same time, Montana statutory law seeks to "discourage[e] claims based on damages resulting from the inherent dangers and risks of skiing." Mont. Code Ann. § 23-2-731. Montana imposes a duty on skiers as a means to accomplish this end and requires skiers to "accept all legal responsibility for injury or damage of any kind to the extend that the injury or damage results from inherent dangers and risks of skiing." *Id.* § 23-2-736(4). Montana law defines "inherent dangers and risks of skiing," in part, as "variations in steepness or terrain, whether natural or the result of slope design, snowmaking, or snow grooming operations, including but not limited to roads, freestyle terrain, ski jumps, catwalks, and other terrain modifications." *Id.* § 23-2-702.

Meyer does not allege that his accident resulted from "a variation in steepness or terrain." Meyer's complaint alleges that "Meyer skied over a steep slope and hit a blind and unmarked 'cat walk' where he was ejected from his skis." (Doc. 27 ¶ 4.) Meyer's complaint further alleges that Big Sky 'breach[ed] its duty of reasonable care" because of "the initial design and construction of the blind and unmarked cat walk," and because of "the failure to place barriers, or to provide notice or warning" of the blind catwalk. (*Id.* ¶ 51.)

The "blind and unmarked" nature of the catwalk plays principal importance to Meyer's claim for relief. Had Meyer alleged that he came upon a cat walk, rather than a "blind and unmarked" cat walk, his claim almost certainly would fall

within the exception to ski operator liability found in § 23-2-736(4). Because he alleged that the catwalk was "blind and unmarked," Meyer has alleged, in essence, that he fell because Big Sky created a run where a skier could not ascertain the upcoming variation in steepness or terrain. Thus, the blind nature of the catwalk removes it from the scope of § 23-2-736(4). Big Sky recognizes the importance of Meyer's allegations about the blind catwalk by focusing its briefing on how Meyer wrecked on "an obvious variation in terrain." (Doc. 175 at 5.)

There remains a genuine dispute of material fact as to whether Big Sky breached its duty of reasonable care as a ski operator. Big Sky has evidence of the catwalk being "obvious." For example, the only eyewitness to the accident testified that Loop Road was "'obvious' from above." (Doc. 144 at 2.) Big Sky also points to photos that purport to show the catwalk from a significant distance up the hill. (*Id.* at 4, 5, 6.) Big Sky also points to the deposition testimony of Meyer's expert witness who states that "Loop Road was obvious to anyone skiing down Highway." (*Id.* at 1.)

Meyer, on the other hand, relies principally on his own statements to show that the cat walk was blind. Meyer's expert also noted in her deposition testimony that the pictures were taken from over a hundred meters before the cat walk and that in skiing, "you don't look that far ahead." (Doc. 143-8 at 48:5-7, 19.) These assertions prove sufficient to create a genuine issue of material fact for a jury to

4

decide. Much of what Big Sky claims as evidence that requires this Court to grant

it summary judgment instead offers Big Sky material ripe for cross-examination.

For this reason, Big Sky's Second Motion for Summary Judgment is denied.

### Meyer's Motion for Summary Judgment – Abuse of Process Counterclaim (Doc. 145.)

Montana law requires Big Sky to demonstrate both proof of an ulterior

purpose and a willful act in the use of the process not proper in the regular conduct

of the proceedings. "Essential to proof of abuse of process is (1) an ulterior

purpose and (2) a willful act in the use of the process not proper in the regular

conduct of the proceeding." *Brault v. Smith*, 679 P.2d 236, 240 (Mont. 1984). A

party may plead an abuse of process claim by alleging that "a party uses process to

coerce another to do some collateral thing [that he] could not be legally and

regularly compelled to do." *Salminen v. Morrison & Frampton, PLLP*, 339 P.3d

602, 610 (Mont. 2014). At minimum, Big Sky cannot prove an ulterior purpose, so

the Court will grant Meyer's motion for summary judgment on Big Sky's abuse of

process claim.

Meyer was injured in a ski accident at Big Sky and now brings a lawsuit

against Big Sky seeking damages for that accident. This lawsuit represents a proper

use of the legal system, and nothing that Big Sky has alleged proves contrary. As

this Court previously recognized in dismissing Meyer's abuse of process claim, the

ulterior purpose prong typically involves a party seeking to coerce the other party

to perform some duty that should not be "properly involved in the proceeding itself, such as the surrender of property or the payment of money." *Hughes v. Lynch*, 164 P.3d 913, 919 (Mont. 2007). Meyer does not seek anything out of bounds here.

None of Big Sky's arguments prove contrary. Big Sky relies on Meyer's statements made before filing the lawsuit. (Doc. 159 at 16.) Those statements hardly differ from normal settlement discussions. Big Sky also relies on Meyer's campaign for United States Congress. (*Id.* at 16-17.) Any attempt by Meyer to use a lawsuit and potential settlement to boost his campaign does not compel Big Sky to do anything improper. To the extent that anything Meyer did proved improper, the correct forum to raise those complaints would be the State Bar of Montana, not this Court.

Big Sky also relies on Meyer's alleged inability to remember the accident. (*Id.* at 17.) This claim represents an attack on the merits of Meyer's claim, not proof of ulterior purpose. Finally, Big Sky's arguments that Meyer's "judicial admissions" create a genuine dispute of material fact borders on frivolous. Meyer failed to deny Big Sky's allegations, but then the Court allowed Meyer to file an amended answer. (Doc. 89.) In that amended answer, Meyer denies the very allegations that Big Sky now claims that he has admitted. (*See* Doc. 92.) For these

reasons, the Court will grant Meyer's motion for summary judgment on Big Sky's abuse of process counterclaim.

### Big Sky's Motion for Summary Judgment on Punitive Damages (Doc. 148)

Montana law only allows punitive damages when a defendant has been found guilty of actual fraud or actual malice. Mont. Code Ann. § 27-1-221. Meyer claims that Big Sky's motion must be denied because a factual dispute exists over whether Big Sky acted with actual malice. (Doc. 169 at 2.) As evidence of actual malice, Meyer relies solely on Big Sky's alleged failure to employ a "mountain maintenance supervisor" on the day of the accident. These supervisors are in charge of maintaining slow signs, hang signs, build signs, and other tasks.

The factual record shows, however, that Big Sky assigned the tasks of the "mountain maintenance supervisor" to "assistant patrol directors" and two of those directors were on duty on the day of Meyer's accident. (Doc. 171 at 3-4.) For this reason, the Court grants Big Sky's motion for summary judgment on punitive damages as Meyer cannot show actual malice under these circumstances. Mont. Code. Ann. § 27-1-221.

### ORDER

Accordingly**, IT IS ORDERED** that:

- Big Sky's Second Motion for Summary Judgment (Doc. 142) is **DENIED**;

- John Meyer's Motion for Summary Judgment – Abuse of Process Counterclaim (Doc. 145) is **GRANTED**;

- Big Sky's Motion for Summary Judgment on Punitive Damages (Doc. 148) is **GRANTED**;

DATED this 10th day of June, 2020.


Brian Morris, Chief District Judge
United States District Court

8