## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

|  |  |
|---|---|
| JOHN MEYER, | **CV 18-2-BU-BMM** |
| Plaintiff, |  |
| vs. | **ORDER** |
| BIG SKY RESORT, |  |
| Defendant. |  |

## INTRODUCTION

These parties filed a number of motions in keeping with their past practice. The Court heard argument for these motions (Docs 142, 145, 148, 151, 153, 154, 155) on May 6, 2020. Since that hearing, another motion (Doc. 178) has become ripe. This Order resolves Big Sky's Motion in Limine (Doc. 151), the parties Joint Motion in Limine (Doc. 153), Meyer's Motion in Limine (Doc. 155) and Big Sky's Motion in Limine to Exclude 'Supplemental' Opinions of Smith and All Late-Disclosed or Undisclosed Medical Records and Bills (Doc. 178).

## ANALYSIS

### I.   Big Sky's Motion in Limine to Exclude 'Supplemental' Opinions of Smith and All Late-Disclosed or Undisclosed Medical Records and Bills

Big Sky filed a motion asking the Court to prohibit Meyer from relying on or introducing at trial (1) any testimony or opinions first disclosed in Meyer's

1

Supplemental Expert Disclosures; and (2) evidence of all late disclosed or still-undisclosed medical records and bills. (*See* Doc. 179.) Big Sky claims these "supplemental opinions" constitute entirely new opinions on new issues, not initially disclosed in Meyer's expert disclosure. Big Sky claims they suffered prejudice by these new opinions because Big Sky "made its decisions not to expend the costs to depose Smith, retain a rebuttal expert, or ask for an independent medical examination of Meyer based on Meyer's initial disclosure and the limited information contained therein." (Doc. 182.)

The Court will re-open discovery for the limited purpose of allowing Big Sky to cure these alleged prejudices. None of the cases that Big Sky cites prohibits this remedy, as Big Sky claims. For reasons entirely unrelated to this case, the Court already has changed the trial date to October 26, 2020. That trial date extension, plus the limited scope of issues on which the parties would need to conduct discovery, allows plenty of time for the parties to conduct the necessary discovery without upsetting any remaining dates on the scheduling order.

For the reasons stated above, Meyer has until July 13, 2020, to finalize his expert disclosure with respect to Gregory Smith. Big Sky has until August 12,

2020, if it chooses, to depose Smith, issue a rebuttal expert disclosure, and conduct an independent medical examination of Meyer.

With respect to Big Sky's motion regarding evidence of late-disclosed or any still undisclosed medical records and bills, Meyer has until July 13, 2020, to disclose any medical bills not yet disclosed in discovery and to comply with any requirements for initial disclosures under Federal Rule of Civil Procedure 26.

## II.   The Remaining Motions in Limine (Docs. 151, 153, and 155)

The Court heard arguments on these motions at a hearing on May 6, 2020. For the reasons stated in open court, the motions will be disposed of as outlined below. The Joint Motion in Limine (Doc. 153) is granted. The Court deferred ruling on a number of parts of these motions at the hearing. All of those parts of these motions are now denied without prejudice. The parties may bring these issues up at trial if still necessary.

### A. Big Sky's Motion in Limine (Doc. 151)

1. Ashley Nettles's emails to Meyer – **Denied without prejudice**

2. Other ski accidents at Big Sky – **Granted**, but Meyer may ask Court to admit evidence of other accidents on similar terrain in similar

conditions

3. Alleged lack of ski patrollers at Big Sky – **Granted**

4. Ski patrol allegedly running out of signs, gates, fences, or other safety equipment – **Denied without prejudice**

5. Meyer skiing on a closed run on the run before he was injured – **Denied without prejudice**

6. Privileged information possessed by Evi Dixon, a former supervisor at Big Sky – **Granted**

7. Information or opinion testimony by Meyer's expert Gregory Smith that was not disclosed in Smith's expert report – **Denied as moot**

8. Alleged lost future income or future medical care or expenses – **Denied**

9. Any opinion testimony by Meyer or his wife on whether the cat track should have been marked, what Meyer would have done had the cat track been marked, and whether Big Sky was negligent – **Granted** regarding opinion testimony about marking the cat track, and **denied** without prejudice as to Meyer slowing down and Big Sky's negligence

10. Evidence or documents not disclosed by Meyer in discovery to support Meyer's liability claims or damages claims – **Granted**

## B. Meyer's Motion in Limine (Doc. 155)

1. Use of the words "guilty" or "innocent" – **Granted** but only for use with respect to legal rulings

2. Collateral sources, including but not limited to the amount paid by any collateral source and/or any reduced payment accepted by any medical provider – **Granted** but Big Sky may bring up with the court

particular bills they would like to contest as reasonable

3.  Any question, statement, or suggestion that might indidicate, directly or indirectly, that Big Sky will have to pay a judgment out of its own pocket – **Granted**

4.  Meyer's history of alcohol and drug use, including any reference to his self-identification as an alcoholic who is sober and in recovery – **Granted** with respect to liability and Big Sky must bring up any evidence on this issue if it seeks to use it with respect to damages

5.  Meyer's prior arrests or criminal history – **Granted** with respect to liability and Big Sky must bring up any evidence on this issue if it seeks to use it with respect to damages

6.  Any reference to "secondary gain" or malingering on the part of John Meyer – **Granted**

7.  Legal conclusions from expert and lay witnesses – **Granted**

8.  Statements that Big Sky has not violated, or is not in violation of, Montana law – **Granted** to the extent that witness attempt to testify about ultimate issues of fact

9.  Written statements and patroller comments in the incident or accident report, when that statement or comment is made by someone other than the testifying witness – **Denied** without prejudice

10. Any party's decision to call (or not call) a witness at trial – **Denied** without prejudice

11. Opinion testimony about, and improper comments on, the credibility of witnesses – **Denied** without prejudice

12. Meyer's products liability case against Salewa, including Meyer's negotiations and settlement with Salewa – **Granted** with respect to

liability and **denied** without prejudice with respect to damages

13. Amanda Eggert's statements that she would not have filed a lawsuit against Big Sky – **Granted** with respect to liability

14. Statements and speculative testimony that Meyer was attempting to do a flip prior to his wreck – **Denied** without prejudice

15. Statements to the effect that anyone who pays a filing fee can file a lawsuit, whether it is justified or not – **Granted** but Big Sky may question jurors about the right to resolve disputes between private parties in voir dire

16. Meyer's political aspirations – **Granted**

## ORDER

Accordingly**, IT IS ORDERED** that Big Sky's Motion in Limine to Exclude 'Supplemental' Opinions of Smith and All Late-Disclosed or Undisclosed Medical Records and Bills (Doc. 178) is **DENIED**, as moot. The Joint Motion in Limine (Doc. 153) is **GRANTED**. Big Sky's Motion in Limine (Doc. 151) is **GRANTED**, **IN PART**, and **DENIED**, **IN PART**. Meyer's Motion in Limine (Doc. 155) is **GRANTED**, **IN PART**, and **DENIED**, **IN PART**.

DATED this 30th day of June, 2020.

Brian Morris, Chief District Judge
United States District Court