IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |
|---|---|
| **JOHN MEYER**, <br><br> Plaintiff, <br><br> vs. <br><br> **BIG SKY RESORT**, <br><br> Defendant. | CV 18-2-BU-BMM <br><br><br> ORDER |

This Court denied Big Sky's motion in limine to exclude "supplemental" opinions of Smith and All Late-Disclosed or Undisclosed Medical Records and Bills. (Doc. 188). The Court gave Meyer "until July 13, 2020, to disclose any medical bills not yet disclosed in discovery and to comply with any requirements for initial disclosures under Federal Rules of Civil Procedure 26." (*Id.* at 3.) The Court limited this re-opening of discovery to "evidence of late-disclosed or still undisclosed medical records and bills." (*Id.*)

Meyer offered amended initial disclosures that added four witnesses—Ron Meyer, Dawn Dizney, Jack Tuholske, and Trevor Lowell—to his amended initial

1

disclosures. This Court quite clearly limited its re-opening of discovery to evidence of late-disclosed or still undisclosed medical records and bills. To the extent any of these four individuals may provide evidence of "late-disclosed or still undisclosed medical records and bills" that Meyer has produced in discovery after this Court's order (Doc. 188), Meyer may call them as witnesses for that purpose. These witnesses will not be allowed to speak about any other issue other than Meyer's medical bills.

    The Court will sanction Meyer and his counsel if these witnesses state anything in trial unrelated to Meyer's medical bills. For example, if Ron Meyer makes any attempt to testify "about Plaintiff's physical and mental condition before and after the incident, and how his incident-related injuries have impacted his life," (Doc. 191-1 at 2), the Court will sanction Meyer and his counsel. The Court will do the same if Dawn Dizney attempts to testify about "Plaintiff's physical and mental condition before and after the incident, and how his incident-related injuries have impacted his life." (*Id.*) Jack Tuholske will not be allowed to testify about "Plaintiff's legal career and work history" or how the accident "impacted [Meyer's] life." (*Id.*) And Trevor Lowell will not be able to testify about "what he witnessed when he visited Plaintiff at the hospital," or Meyer's "physical and mental condition before and after the incident, and how his incident-related injuries have impact [Meyer's] life." (*Id.*)

## **ORDER**

Accordingly**, IT IS ORDERED** that Big Sky's Motion in Limine (Doc. 190) is **DENIED**.

DATED this 24th day of August, 2020.

_____
Brian Morris, Chief District Judge
United States District Court