Nadine Nadow
MT Bar # 58353967
601 Cheyenne St., #202
Golden, CO 80403
nnadow@gmail.com
(978) 501-7045

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | ) | |
|---|---|---|
| JOHN MEYER, | ) | |
| | ) | Case No. 2:18-CV-0002-BMM |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| BIG SKY RESORT, | ) | LIABLITY EXPERT |
| | ) | DISCLOSURE |
| Defendant. | ) | |
| | ) | |
| | ) | |

**LIABILTY EXPERT WITNESS INFOMRATION SHEET**

Pursuant to Rule 26(a)(2)(C), attached is witness' statement.

Evi Dixon
Manhattan, Montana

Ms. Dixon has been retained as a liability expert witness only and submitted an affidavit stating that she is a certified Emergency Medical Technician, was Big Sky Resort's former Accident Investigation Supervisor, and worked at Big Sky Resort as a ski patroller from 2006-2019. Ms. Dixon was the Supervisor of the Accident Investigation team that reviewed and signed off on all Accident Investigation reports before they were submitted to Big Sky Resort management. Ms. Dixon signed off on Meyer's Accident Investigation report. In Ms. Dixon's professional opinion, the portion of the ski run before the transition is significant and abrupt and the dangerous transition should have been marked with warning signs.

EXHIBIT 1

**Date of Statement:** November 4, 2019

**Exhibits that may arise in Ms. Dixon's testimony:**

Exhibit A
Affidavit of Evi Dixon
Big Sky Resort's Accident Report and Statements

Respectfully submitted this 8th day of November, 2019.

*/s/ Nadine Nadow*
NADINE NADOW

*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on Defendant's counsel via CM/ECF on November 8, 2019:

Ian McIntosh
P.O. Box 10969
Bozeman, MT 59719-0969

*Attorney for Big Sky Resort*

Case 2:18-cv-00002-BMM   Document 226-1   Filed 02/06/19   Page 4 of 8

Nadine Nadow
MT Bar # 58353967
601 Cheyenne St., #202
Golden, CO 80403
nnadow@gmail.com
(978) 501-7045

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER, | |
| Plaintiff, | Case No. 2:18-CV-0002-BMM |
| vs. | |
| BIG SKY RESORT, | AFFIDAVIT OF EVI DIXON |
| Defendant. | |

Evi Dixon, being duly sworn upon oath, deposes and says:

1. I am over eighteen years of age, am a resident of Manhattan, Montana, and all of the following is based on my personal knowledge.

2. I worked as a ski instructor at Big Sky Resort the seasons of 1986, 1987, and 1988.

3. In 1992 I moved back to Austria to raise my children.

4. I moved back to Montana in 2004 and became certified as an Emergency Medical Technician in 2005.

5. I began working as a ski patroller at Big Sky Resort in 2006 and continued working for the ski patrol through the winter of 2018/2019.

6. The Big Sky ski patrol spent at least five days refreshing their skills before every season.

7. Ian McIntosh came and spoke to the Accident Investigation team, Taylor Middleton, General Manager of Big Sky Resort, and Mike Unruh, Mountain Operations, for approximately one hour during one of the ski patrol refresher days every year for the last several years.

8. McIntosh made it clear that we could not write opinions in the Accident Investigation Reports that could open the Resort up to liability.

9. I served as the supervisor of the Accident Investigation team my last several seasons at Big Sky Resort.

*Affidavit of Evi Dixon-2*

10. As the Supervisor, I was in charge of a team of 7-9 people that investigated serious accidents at the Resort, including but not limited to ski accidents, incidents in hotels, parking lots, etc.

11. As Supervisor of the Accident Investigation team, I reviewed and signed off on all Accident Investigation reports before they were submitted to Big Sky Resort management.

12. Statements or opinions about whether an area should have been marked or signed to prevent ski accidents were not included in the Accident Investigation reports.

13. To the best of my knowledge, Big Sky Resort did not have an independent risk manager of its ski terrain while I was Supervisor of the Accident Investigation team.

14. I am familiar with John Meyer's accident and the area where his accident occurred. I signed off on the Accident Investigation report before it was submitted to Big Sky Resort management.

15. The portion of the Highway ski run before the transition to the

*Affidavit of Evi Dixon-3*

Loop Road is gentle and would be rated "green" in difficulty, or easiest, if it were groomed. Because the area is not groomed, it is "blue" in difficulty.

16. The transition from the "blue" portion of the Highway ski run to the Loop Road cat walk was abrupt and significant. Exhibit A.

17. Skiers riding the Challenger chairlift on December 11, 2015 could not view the transition from the Highway ski run to the Loop Road cat walk.

18. Big Sky ski patrol marks significant and abrupt road cuts with slow signs or flagging so that skiers do not unknowingly ski into hazardous terrain.

19. Big Sky Resort should have marked the abrupt and significant transition from the blue portion of the Highway ski run to the Loop Road cat walk with signs or flags to warn skiers of the dangerous transition the day of John Meyer's accident.

Dated this 4th day of November, 2019.

By _____
Evi Dixon

Subscribed and sworn to before me this 4th day of November, 2019 by Evi Dixon.

DONNA HENDRICKSON
Notary Public
for the State of Montana
Residing at:
Bozeman, Montana
My Commission Expires:
March 05, 2023

State of Montana
County of Gallatin

This instrument was signed or acknowledged before me on 11/04/2019 by Evi Dixon
(Name of signer)

_____
(Notary Signature)
[Affix seal/stamp to the left or below]

*Affidavit of Evi Dixon-4*

# Exhibit A

