Breean Walas (PHV)
Walas Law Firm, PLLC
P.O. Box 4591
Bozeman, MT 59772
breean@walaslawfirm.com
(501) 246-1067

S. Taylor Chaney (PHV)
Chaney Law Firm, P.A.
P.O. Box 1405
Arkadelphia, AR 71923
taylor@chaneylaw.com
870-246-0600

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| JOHN MEYER, | ) | NO. 2:18-cv-00002-BMM |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| BIG SKY RESORT, | ) | PLAINTIFF'S TRIAL BRIEF |
| Defendant. | ) | |

Plaintiff John Meyer hereby submits his *Trial Brief* as permitted by the Court's *Scheduling Orders* (Docs. 91 & 206), and states as follows:

**I.  Jury Selection.**

The Seventh Amendment to the United States Constitution guarantees the right to a fair and impartial civil jury trial. U.S. CONST. AMEND. VII; *McDonough*

*Power Equip. v. Greenwood*, 464 U.S. 548, 554 (1984). A touchstone of this right is an impartial trier of fact capable and willing to decide the issues solely on the evidence before it. *Smith v. Phillips*, 455 U.S. 209, 217 (1982). Because information affecting a juror's impartiality affects the fairness of a trial, *voir dire* protects the Seventh Amendment "right by exposing possible biases, both known and unknown, on the part of the potential jurors." *McDonough Power Equip.*, 464 U.S. at 554-56; *Patton v. Yount*, 467 U.S. 1025, n. 13 (1984).

"Actual bias is the existence of a state of mind that leads to an inference that the person will not act with entire impartiality," which may be shown by direct or circumstantial evidence. *United States v. Kechedzian*, 902 F.3d 1023, 1027 (9th Cir. 2018). Actual bias exists when a juror is for or against one of the parties; states they cannot be impartial; or, after expressing views adverse to a party, equivocates as to whether those views could be set aside in order to evaluate the evidence fairly and impartially. *United States v. Gonzalez*, 906 F.3d 784, 797-98 (9th Cir. 2018).

An adequate *voir dire* removes prospective jurors who, because of their inability to "impartially follow the court's instructions and evaluate the evidence," should be struck for cause. *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981). An inadequate *voir dire* forces parties to use peremptory challenges on prospective jurors who should have been struck for cause. *Id.* It is, therefore, mandatory for *voir dire* questions to inquire into whether potential jurors maintain

views that "prevent or substantially impair the performance of [their] duties as . . . juror[s] in accordance with [their] instructions and . . . oath." *Wainwright v. Witt*, 469 U.S. 412, 433 (1985).

Accordingly, Plaintiff's constitutional right to a trial by jury requires a full and complete inquiry of the jury pool during *voir dire* to ascertain the qualifications of potential jurors, including but not limited to whether the potential jurors can follow the law as will be instructed at the end of the case, any biases held by the jurors, and their ability to wait until they have heard all the evidence before deciding the outcome. *See, e.g.*, *Gulf, Colo. & Santa Fe Ry. Co. v. Shane*, 157 U.S. 348, 351 (1895) (holding that to "empanel a jury in violation of law, and in such a way as to deprive a party of his right to peremptory challenge, constitutes reversible error").

## II. Big Sky Resort's Negligence.

Negligence requires that a defendant owe a duty, the duty be breached, the breach was a proximate cause of the plaintiff's injury, and the plaintiff is entitled to damages. *Md. Cas. Co. v. Asbestos Claims Court*, 399 Mont. 279, 297, 460 P.3d 882, 893 (2020); *Fisher v. Swift Transp. Co.*, 342 Mont. 335, 339, 181 P.3d 601, 606 (2008). Duty is measured by the scope of the risk that negligent conduct foreseeably entails. *Mang v. Eliasson*, 153 Mont. 431, 438, 458 P.2d 777, 781 (1969). Thus, "[t]he existence of a duty turns primarily on foreseeability." *Fisher*,

3

342 Mont. at 340-41, 181 P.3d at 607. The question of breach involves the process good decision-making, and requires the jury determine whether the defendant's conduct was ordinary and reasonable care under the circumstances. *Harrington v. Crystal Bar, Inc.*, 371 Mont. 165, 170 n3, 306 P.3d 342, 346 (2013). The ordinary and reasonable care required is directly proportional to the degree of risk presented by the circumstances of each case. *Johnson v. YMCA of Great Falls*, 201 Mont. 36, 44-45, 651 P.2d 1245, 1250 (1982).

Negligence is actionable when the harm at issue in a particular case was of a type reasonably foreseeable under the circumstances only if it occurs within the scope or zone of the risk of direct harm to other persons reasonably likely to result from the conduct under the circumstances at issue. *Md. Cas. Co.*, 399 Mont. at 298-99, 460 P.3d at 894. Reasonably foreseeable harm does not depend on the foreseeability of the precise harm, injured party, or mechanism of injury that actually occurred. *Eklund v. Trost*, 335 Mont. 112, 125-26, 151 P.3d 870, 880 (2006). The question is whether the defendant could have reasonably foreseen that its conduct could have resulted in an injury to the plaintiff. *Bassett v. Lamantia*, 391 Mont. 309, 322, 417 P.3d 299, 311 (2018) (citing *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928)). Here, in order to determine whether Big Sky Resort breached a duty owed to Meyer, the jury must decide the

scope of the risk created by Big Sky's conduct, and whether Meyer was within the scope of the risk. *Bassett*, 391 Mont. at, 322, 417 P.3d at 310.

The question of foreseeability is relevant to the elements of both duty and causation in negligence actions. *Bassett*, 391 Mont. at 322, 417 P.3d at 310. A breach of the duty owed is a proximate cause of a plaintiff's injury if the facts and circumstances surrounding the wreck reveal that the defendant, as an ordinarily prudent person, could have foreseen that the plaintiff's injury would be the natural and probable consequence of the wrongful act. *Busta v. Columbus Hosp.*, 276 Mont. 342, 265, 916 P.2d 135 (1996).

Once it is determined that the defendant's negligence was a proximate cause of the plaintiff's injury, the jury should award damages because damages are the natural consequence of negligent conduct. The purpose of tort actions is to provide compensation, indemnity, or restitution for harms; to determine rights; to deter wrongful conduct; and to vindicate parties and deter retaliation or violent and unlawful self-help. *Restatement (Second) of Torts* § 901 (1979); *Minneci v. Pollard,* 565 U.S. 118, 120 (2012); *see also City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 727 (1999) (Scalia, J. concurring) (tort causes of action are "designed to provide compensation for injuries arising from the violation of legal duties, and thereby, of course, to deter future violations"); *Phillips v. GMC*, 126 F. Supp.2d 1328, 1329 (D. Mont. 2001) ("The essential purposes of tort law … [are]

5

compensation of the victim, behavior alteration, deterrence of civil wrongdoing, and moral accountability"). A deliberate purpose of imposing liability is the prophylactic factor of preventing the occurrence of future harm. W. Page Keeton, *Prosser & Keeton on the Law of Torts*, 25 (5th ed. West Publishing Co, 1984). Indeed, "[t]ort law may award as customary damages something more than simply out-of-pocket loss, something for deterrence, without spilling over into punitive damages." *Shaw v. United States*, 741 F.2d 1202, 1208, n. 7 (9th Cir. 1984).

In this case, John Meyer has the burden to show (1) Big Sky Resort was negligent; (2) John Meyer sustained injuries; (3) Big Sky Resort's negligence was a cause his injuries; and (4) the amount of money that will compensate John Meyer for his injuries. MPI2d § 2.13 (2021). The evidence will accomplish this task.

*One*, Big Sky Resort owed a duty to John Meyer and it breached that duty. Big Sky Resort's duty to exercise ordinary care required it to keep its premises reasonably safe for all person who foreseeably might come upon them, and to warn such persons of any hidden or lurking danger upon such premises. MPI2d 12.00. As a ski area operator, Big Sky Resort owes a duty of reasonable care to skiers. MONT. CODE ANN. § 23-2-733(1). This duty of reasonable care encompasses the duty to eliminate or alleviate, through the exercise of ordinary care, unnecessary hazards no one wishes to confront. *Kopeikin v. Moonlight Basin Mgmt., LLC*, 981 F.Supp.2d 936, 944-45 (D. Mont. 2013). For example, ski area operators who alter

the landscape to make it more challenging for advanced skiers have a duty of care to warn of such man-made hazards. *Waschle v. Winter Sports, Inc.,* 144 F. Supp.3d 1174, 1181 (D. Mont. 2015). This duty required Big Sky Resort to provide more than general warnings of unmarked hazards, like the hidden catwalk cut across the mountain, because the foreseeability of harm from that specific hazard was not apparent to persons skiing down Highway, a black diamond trail. *Kopeikin*, 981 F. Supp.2d at 1108. When the danger is open and obvious, the duty to use ordinary care in maintaining the premises applies when the ski operator should have anticipated harm to occur. *Richardson v. Corvalis Pub. Sch. Dist. No. 1*, 286 Mont. 309, 321, 950 P.3d 748, 755-56 (1997). A ski area operator violates its duty of reasonable care if it has the ability to eliminate a risk, through specific warnings or otherwise, and fails to do so. *Oberson v. U.S. Dep't of Agr.*, 514 F.3d 989, 999 (9th Cir. 2008).

The evidence will show Big Sky Resort created an unreasonable risk of harm to its patrons by constructing a cat track, which it also identifies as a green trail ("Lower Morningstar aka Loop Road"), across a black diamond ski run ("Highway") without warning skiers of the intersecting trails. The undisputed evidence will show Meyer was skiing fast down Highway, as can be expected of a skier using that trail; Big Sky knew or should have known the area was dangerous due to its own ski patrol renaming the location "the Bermuda Triangle;" yet, Big

Sky did not warn skiers coming down Highway of the blind and flat catwalk intersecting the run.

*Two*, as a result of the wreck, Meyer nearly died, was in a coma for approximately a week, and sustained permanent musculoskeletal injuries as well as a traumatic brain injury. Meyer's ski wreck on December 11, 2015 will affect him for the rest of his life. *Three*, Big Sky's failure to post warning signs or take other preventative measures caused Meyer's injuries. *Four*, based on the evidence to be presented and the jury's ability to assess damages based on the instructions it will receive, the jury will be able to assess the nature and extent of John Meyer's injuries *and* calculate damages without speculation.

### III.  Big Sky's Affirmative Defenses.

A party asserting an affirmative defense bears the burden of proving it by a preponderance of the evidence. *Wicklund v. Sundheim*, 383 Mont. 1, 13, 367 P.3d 409, 412 (2016); *Audit Servs. v. Stewart & James*, 191 Mont. 107, 118, 622 P.2d 217, 223 (1981). To prevail on its affirmative defense to liability, Big Sky must show by a greater weight of the evidence Meyer's ski wreck was the result of his own negligence, rather than that of Big Sky Resort.

Big Sky Resort relies heavily on the Skier Responsibility Statute, specifically that John Meyer's ski wreck was caused by an inherent danger and risk of skiing – a catwalk. *See* MONT. CODE ANN. § 23-2-702(2); MONT. CODE ANN. §

23-2-736(4). However, because Meyer has alleged that the catwalk was hidden and unmarked, that statute cannot apply to bar recovery. Instead, the jury must determine whether Big Sky Resort breached the duty of reasonable care it owed to skiers (like John Meyer) using its ski trails. Consequently, Big Sky can be held liable for Meyer's ski wreck and resulting damages due to the cat track's blind nature, and because a ski area operator violates its duty of reasonable care if it has the ability to eliminate a risk, through specific warning or otherwise, and fails to do so. *Waschle*, 144 F. Supp. 3d at 1181; *Oberson*, 514 F.3d at 999; *see also Order* (Doc. 115) at pp. 7-8 (denying Big Sky's first motion for summary judgment (November 22, 2019); *Order* (Doc. 187) at p. 4 (denying Big Sky's second motion for summary judgment).

IV. **Other issues.**

    a. **Video depositions in argument.**

Big Sky Resort should be prohibited from playing any excerpts from videotaped depositions during *voir dire*, opening statements, or closing arguments. The playing of an abridged, or even complete answers to a question in a videotaped deposition, which is taken out of context during *voir dire*, opening statement, or closing argument, unfairly emphasizes an isolated portion of testimony because no other testimony to be given or has been given in court may be played for the jury. During *voir dire* and opening statements, nothing will have been offered into or

accepted by the Court as evidence, and isolated portions from a deposition of a party or a witness may not be admissible as evidence during the course of the trial.

Federal Rule Civil Procedure 32(a)(2) provides "any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence." To be impeached with a prior inconsistent statement, the witness must first be asked a question and testify contrary to their deposition testimony. Obviously, this cannot occur in *voir dire*, opening statement, or closing argument.

Federal Rule Civil Procedure 32(a)(3) provides "[a]n adverse party may use for any purpose the deposition of a party." However, Federal Rule of Civil Procedure 32(a)(6) states if a party offers only part of a deposition into evidence, "an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." By isolating bits and pieces of deposition testimony to the jury during *voir dire*, opening statements, or closing argument, the party using such testimony effectively denies the opposing party to require the playing of any other portion of the testimony which ought, in fairness, to be shown with the portion introduced. For these reasons, the Court should prohibit Big Sky from playing any excerpts from videotaped depositions during *voir dire*, opening statements, or closing arguments.

### b. Golden Rule

Golden rule arguments, which seek to place the jury in the shoes of a crime victim or civil plaintiff, are prohibited. *State v. Ugalde*, 372 Mont. 234, 246, 311 P.3d 772, 782 (2013). To be impermissible, such arguments in civil matters must be related to the area of financial responsibility, and hypothetically request the jury to consider how much they would like to receive in the same or similar circumstances. 75A Am.Jur.2d Trials § 540 (2021). In contrast, golden rule arguments are appropriate when determining liability, and ask the jury to assess the reasonableness of a party's actions by relying on their own common sense. *Id*. The rule is sound since the jury must assess the actor's conduct in light of the situation as it would have appeared to a reasonable man in his shoes at the time of the act or omission at issue. *Mang*, 153 Mont. at 437, 458 P.2d at 781.

### c. Conscience of the community.

Courts are for the benefit of litigants and the public interest. *State ex rel. Crowley v. District Court*, 108 Mont. 89, 105, 88 P.2d 23, 30 (1939). The jury's decision deserves proper deference, and "serves to maximize the beneficial application of the collective wisdom and life experience of twelve citizens to a search for just resolution of important matters" brought in our courts. *State v. LaMere*, 314 Mont. 326, 334-35, 67 P.3d 192, 198 (2003). In negligence actions particularly, the jury's function is to decide whether the acts or omissions at issue

constitute a departure from the standard of conduct demanded by the community for the protection of others against unreasonable risk. *Restatement (Second) of Torts* § 283 cmt. c (1965). In this way, arguments to the jury, acting as the conscience of the community, are proper. *Cf. Campbell v. Kincheloe*, 829 F.2d 1453, 1460 (9th Cir. 1987) (argument by prosecutor to jury was proper, where prosecutor stated the jury, acting as the conscience of the community and society, should not tolerate actions of the defendant).

**V.    Big Sky's Trial Brief.**

Big Sky's *Trial Brief* (Doc. 226) is a motion in limine seeking to exclude testimony from Evi Dixon, Gregory Smith, and portions of Meyer's medical record. Big Sky also seeks for the jury to hear about Meyer's political aspiration, even though the Court has already excluded these references. *Order* (Doc. 188) at p. 6. Big Sky had the opportunity to file a timely *motion in limine* and failed to do so. The Court should refuse to allow Big Sky's attempts to limit and exclude such evidence through the use of a trial brief in clear violation of the Court's Scheduling Order. *See* Doc. 91. Neither should the Court revisit Big Sky Resort's request for clarification of legal conclusions.

Dated: February 26, 2021

Respectfully submitted,

*/s/ Breean Walas*
BREEAN WALAS (PHV)
P.O. Box 4591
Bozeman, MT 59772
Breean@walaslawfirm.com
(501) 246-1067

*/s/ S. Taylor Chaney*
S. TAYLOR CHANEY (PHV)
Chaney Law Firm, P.A.
P.O. Box 1405
Arkadelphia, AR 71923
taylor@chaneylaw.com
870-246-0600

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served upon the following counsel of record by the means designated below this 26th day of February 2021.

| | |
|---|---|
| [ ] U.S. Mail | Ian McIntosh |
| [ ] Hand Delivery | Mac Morris |
| [ ] Facsimile | CROWLEY FLECK PLLP |
| [ ] FedEx | 1915 South 19th Avenue |
| [x] ECF | P.O. Box 10969 |
| [ ] Email | Bozeman, MT 59719-0969 |
| | Telephone: (406) 556-1430 |

*Attorneys for Defendant Big Sky Resort*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that this brief is printed with proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count is 2792 words, excluding the Caption and Certificates. Dated this 26th day of February 2021.

                                          */s/ Breean Walas*
                                        BREEAN WALAS (PHV)
                                        P.O. Box 4591
                                        Bozeman, MT 59772
                                        Breean@walaslawfirm.com
                                        (501) 246-1067